ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

JEFFREY D. NEDROW (CABN 161299)
PATRICK DELAHUNTY (CABN 257439)
Assistant United States Attorneys

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5045
   FAX: (408) 4535-5066
   Email: jeff.nedrow@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>VILASINI GANESH and<br>GREGORY BELCHER,<br><br>    Defendants. | CASE NO. CR 16-00211 LHK<br><br>UNITED STATES' RESPONSE TO DR. VILASINI GANESH'S MOTION TO CONTINUE DATES FOR NEW TRIAL MOTION AND SENTENCING |

      The government herein responds to defendant Dr. Vilasini Ganesh's Motion to Continue Dates for New Trial Motion and Sentencing. *See* ECF No. 332.

**I.    Factual Background**

      Ganesh was convicted on December 14, 2017. Rules 29 and 33 provide that motions to set aside the verdict must be filed within 14 days, which was December 28, 2017. Speaking through her attorney, Ganesh asserts she was in communication with both her then-attorney and her current attorney about a substitution of counsel "prior to the holidays." ECF No. 332 at p. 2. Ganesh did not timely file a motion for new trial or a motion to continue the dates, but instead joined a motion by Dr. Gregory

NO. CR 16-00211-LHK
GOVERNMENT'S RESPONSE TO ECF NO. 332 (2ND GANESH REQUEST TO CONTINUE DATES)

Belcher to continue the date to file a motion to set aside the verdict.  ECF No. 308 (joining ECF No. 306).  The Court ordered such motions to be filed on January 19, 2018.  ECF No. 318.

Ganesh did not attempt to meet and confer with the Government about a stipulation to continue filing such a motion until Mr. Cassman filed his notice of appearance, which was on or about January 9, 2017.  In meet and confer, Mr. Cassman indicated he would seek to continue his client's date to file a motion under Rules 29 and/or 33 to a date that was "two or three months" later.  The government indicated it would not stipulate to such a lengthy request or to a request that sought to move the sentencing date for Ganesh.   Ganesh then filed another motion to continue dates relevant to her motions and sentencing, which is the motion at bar.

Belcher filed a "joinder" to Ganesh's second motion for a continuance.  Belcher's motion is vague, requesting that "the date for filing of a new trial motion and a judgment of acquittal motion be set for the same day."  ECF No. 335.  Although confusingly written, presumably Belcher is asking that his deadlines be continued to the same date that Ganesh's deadlines are continued.  This is his third request for such relief.

## II.      The Government's Position Regarding Ganesh's Motion

The United States recognizes that Ganesh has retained new counsel and that new counsel may need time to prepare a motion.  Nevertheless, the requested time, 13 weeks[1], is comparable to what the government expects would be requested if Ganesh obtained new counsel shortly before trial and made a motion to continue the trial.  Using that as a barometer, Ganesh's current request is unjustified: the task of preparing a motion for new trial is less burdensome and more manageable.  For example, the defendant's new attorney does not need to review all produced discovery, interview witnesses, or prepare experts to file a motion to set aside the verdict.  Instead, the trial record must be reviewed, which is much narrower in scope.  As a result, the government submits that Ganesh's motion should be filed in mid-February, on February 15, which would be a seven-week continuance (from the date of December

---

[1] Ganesh asks that the motions be filed on March 19, 2018, which is 13 weeks after they should have been filed on December 28, 2017, and 11 weeks after her second motion for a continuance was filed on January 12, 2018.  It is unclear why Ganesh requests so much time when she asserts that "effective review of the case and preparation of any motions will require 60 days"—which is approximately 8.5 weeks.  See ECF No. 332 at ¶ 10.

NO. CR 16-00211-LHK
GOVERNMENT'S RESPONSE TO ECF NO. 332 (2ND GANESH REQUEST TO CONTINUE DATES)

28, 2017), and nearly two months after Ganesh's current attorney began communicating with her and her previous attorney.

A date of February 15 is also equitable because—despite requesting 13 weeks—Ganesh's attorney indicated he would only need 60 days to prepare the motions. *See* ECF No. 332 at ¶ 10. By Ganesh's own admissions, her current attorney has been meeting with Ganesh and her previous attorney since "before the holidays." As a result, a date of mid-February is sufficient preparation time because it is approximately 60 days after Ganesh's attorney began learning about the case and meeting with Ganesh. Similarly, Ganesh's purported concern of obtaining transcripts in a timely manner does not support a 13 week request. *Id.* at p. 3  Both Belcher and the United States have been ordering expedited transcripts to meet their filing deadlines, and it is unclear why Ganesh cannot do the same. Moreover, a significant portion of the trial transcripts have been already ordered by the other parties and some have already been produced to the parties. Presumably, those transcripts are available to Ganesh for review, provided she requests them. Indeed, Ganesh's attorney does not identify the number of transcripts that she will request that have *not* already been requested by other parties (which are the only ones that may add to the court reporter's burden), and he does not explain why Ganesh cannot order expedited transcripts as the other parties have.

In sum, the United States requests that if the Court provides additional leave to Ganesh to continue the dates to file a motion to set aside the verdict, the motion should be filed no later than February 15, and the government be given two weeks to respond.

**III.   Ganesh's Motion to Continue the Sentencing Date**

Ganesh requests, but offers no explanation as to why, the sentencing date be continued. Instead, Ganesh asks the Court to infer that she cannot prepare new motions and prepare a sentencing memorandum at the same time. *See* ECF No. 332 (requesting final paragraph that Ganesh's sentencing be "continued to a date in June 2018"). There is no basis to grant this request. Nevertheless, to the extent that the sentencing date is moved for Ganesh, the United States requests that the extension be no more than one month, *i.e.* sometime on or before early May 2018.

**IV.   Belcher's Third Request for a Continuance**

Belcher has twice requested, and twice been denied, a date in March 2018 to file a motion for a

NO. CR 16-00211-LHK
GOVERNMENT'S RESPONSE TO ECF NO. 332 (2ND GANESH REQUEST TO CONTINUE DATES)

1  new trial. *See* ECF Nos. 306 and 317 (motions) *and* 307, 315, and 318 (orders). His joinder, if the
2  United States understands it correctly, is a third request. However, his third request includes no
3  discussion as to why it should be granted, instead merely joining Ganesh's motion. Ganesh's motion is
4  silent as to Belcher's preparation efforts, however. *See* ECF No. 332. As a result, there is no reason to
5  revisit the Court's prior rulings regarding Belcher's motion and sentencing schedule.

8  DATED: January 17, 2018                    Respectfully Submitted,

9                                              ALEX G. TSE
                                                Acting United States Attorney
10
11                                              */s/*
                                                JEFFREY D. NEDROW
12                                              PATRICK R. DELAHUNTY
                                                Assistant United States Attorneys