Wm. Michael Whelan, Jr., Esq.. [CA Bar No. 112190]
95 S. Market Street, Suite 300
San Jose, California  95113
(650) 319-5554 telephone
(415) 522-1506 facsimile
whelanlaw@gmail.com

Attorneys for Defendant
VILASNI GANESH

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | Case No. CR-16-211-LHK |
|---|---|
| Plaintiff, | |
| vs. | **APPLICATION AND DECLARATION OF COUNSEL IN SUPPORT OF ORDER AUTHORIZING INDIGENT SUBPOENAS UNDER RULE 17(C)** |
| VILASNI GANESH, | |
| Defendant. | |

I, Wm. Michael Whelan, Jr. hereby declare under oath and penalty of perjury as follows:

1.    I am the attorney of record for captioned defendant Vilasni Ganesh in the captioned case now set for sentencing on July 25, 20118, having been appointed by the Court on April 6, 2018 under the Criminal Justice Act after finding the defendant indigent.

2.    I believe that my client continues to remain indigent and would be unable to finance the cost of serving the subpoenas I am requesting herein.

-1-

3. The defendant objects and contests the amount of loss and restitution figures claimed by the government in the draft PSR and on behalf of the victim health insurance companies. The government's figures are based on "source spreadsheets" that were admitted at trial over objection. These source spreadsheets were created by in-house billing experts for the victim insurers. The information contained in the source spreadsheets was derived by these insurer experts from electronic data information (EDI) created and maintained by each insurer in compliance with federal law. Defense expert review of the electronic data is necessary in order to scrutinize and potentially challenge the loss amounts and restitution amounts claimed by the insurers' experts.

4. The electronic data is not in possession of the government. I have met and conferred multiple times by telephone and email with AUSA Patrick Delahunty regarding this request. Although the government does not oppose this application for issuance of said subpoenas, the government reserves its right to move to quash, or join in any potential motions to quash said subpoena brought by the insurer victims. As a courtesy, AUSA Delahunty agrees to obtain the contact names and addresses for service of said subpoenas.

5. The government claims that the actual loss amount and restitution owed by Dr. Ganesh is $935,773 to the following health insurer victims:

Anthem Blue Cross  $689,874, Blue Shield  $19,348
Blue Cross/Blue Shield of Alabama. $14,298
Blue Cross/Blue Shield of Minnesota. $2,335
Optum. $3,862
Cigna $614
United Health Care. $5,574.15
Aetna. $45,356

Representatives of these insurers testified at trial that the source spreadsheets admitted as exhibits at trial to itemize the insurers' loss amounts were all derived from data created and maintained by each insurer. However, the data created and maintained by these insurers was never produced to the government or defense before or during trial.

6. Federal law, pursuant to the Administrative Simplification provisions of the Health Insurance Portability and Accountability Act (HIPAA) of 1996 and the Patient Protection and Affordable Care Act (ACA), mandates that insurers maintain electronic data information on all claims for a certain number of years for audit purposes. Defense forensic analysis of the insurers' electronic claims data is necessary in order to scrutinize the government's loss and restitution claims prior to sentencing.

7. The majority of hours will be used to audit and perform "cross-walk" comparisons of the alleged "payments" made to the defendant; using the insurers own proprietary claim adjustment reasons codes and comparing them with the HIPAA standard transaction codes. The standard transaction information will also allow us to properly assess and confirm the extent of any credit balancing, or offsetting of claims payments. This is critical in order to confirm exactly how much the defendant actually received in relation to the billed charges.

8. Therefore, I am requesting that the Court authorize the Clerk to issue the attached subpoenas to the victims insurers named above for production of all electronic data information in possession of the victim insurers and used by them to create the source spreadsheets in question.

9. I further request that since the defendant is indigent, that the attached subpoenas be

-3-

served by the U.S. Marshal at public expense.

Signed under oath this 23 day of May 2018, in San Francisco, California.

Respectfully submitted,

WM. MICHAEL WHELAN, JR.
Attorney for Defendant Vilasni Ganesh