**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      v.<br><br>VILASINI GANESH,<br><br>           Defendant. | Case No. 16-cr-00211 LHK (NC)<br><br>ORDER DENYING REQUEST FOR RULE 17 SUBPOENAS<br><br>Re: ECF 432 |

Defendant Vilasini Ganesh moves for approval of subpoenas to victim health insurance companies Anthem Blue Cross, Blue Shield, Blue Cross/Blue Shield of Alabama, Blue Cross/Blue Shield of Minnesota, Optum, Cigna, United Health Care, and Aetna. ECF 432. Ganesh was convicted at trial on five counts of health care fraud alleged against her under 18 U.S.C. § 1347 (Counts Two through Six) and five counts of making false statements relating to health care matters under 18 U.S.C. § 1035 (Counts Eleven through Fifteen). *See* ECF 445, Order Denying Ganesh's Motion for Judgment of Acquittal and/or New Trial, discussing charges and trial evidence. In preparation for sentencing, Ganesh seeks information from the victim insurance companies "in order to scrutinize the government's loss and restitution claims." ECF 432, Application at ¶ 7.

Ganesh's application is denied for two reasons. First, under Federal Rule of Criminal

Procedure 17(c)(1), when a subpoena requests the production of "personal or confidential information" about a victim, then a court order is required. "Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object." Fed. R. Crim. P. 17(c)(1).

Here, the Court determines that the subpoenas seek confidential information (medical billing records) from crime victims, so a court order is required. The application is silent as to whether the crime victims have been notified of the proposed subpoenas as Rule 17 requires. There are no "exceptional circumstances" asserted. Therefore, the prosecution and defense must confer by June 22 and file a supplement indicating either (1) the victims have already been notified of the proposed subpoenas, or (2) the government will notify the victims of the proposed subpoenas by June 25 and will alert the victims to their rights under the Crime Victims' Rights Act, 18 U.S.C. § 3771, including their right to oppose the subpoenas and to seek a protective order.

Second, the Court determines that the proposed subpoenas are an impermissibly vague and overly broad "fishing expedition" that fail to specify the documents sought. *See generally United States v. Nixon*, 418 U.S. 683, 699-700 (1974). Rule 17(c) authorizes the court to "quash or modify the subpoena if compliance would be unreasonable or oppressive." *Id.*; *see also United States v. Pac. Gas & Elec. Co.*, No. 14-cr-00175 TEH, 2016 WL 3365754, at *2 (N.D. Cal. June 17, 2016). In interpreting the "unreasonable or oppressive" standard, the Supreme Court explained that Rule 17(c) is "not intended to provide a means of discovery for criminal cases." *Nixon*, 418 U.S. at 698 (1974). In *Nixon*, the Supreme Court held that the proponent of a Rule 17(c) pretrial subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." *Id.* at 700.

Here, the proposed subpoenas seek "All electronic data information pertaining to the loss amounts and restitution claimed against . . ." Ganesh. As drafted, the Court determines that the request seeks access to entire databases of medical billing and related records and communications. Responding would be unreasonable and oppressive. Accordingly, the

1 application is denied.  The denial is without prejudice to a newly-filed application that is
2 much more specific.  In any new application, Ganesh must assure that the crime victim
3 subpoena recipients have been notified in accordance with Rule 17(c)(3).
4     IT IS SO ORDERED.
5     Date: June 20, 2018

_____
Nathanael M. Cousins
United States Magistrate Judge