Wm. Michael Whelan, Jr., Esq.. [CA Bar No. 112190]
95 S. Market Street, Suite 300
San Jose, California  95113
(650) 319-5554 telephone
(415) 522-1506 facsimile
whelanlaw@gmail.com

Attorneys for Defendant
VILASNI GANESH

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>vs.<br><br>VILASNI GANESH,<br><br>    Defendant. | Case No. CR-16-211-LHK<br><br>**SUPPLEMENT TO GANESH'S APPLICATION AND DECLARATION OF COUNSEL IN SUPPORT OF ORDER AUTHORIZING INDIGENT SUBPOENAS UNDER RULE 17(C)** |

I, Wm. Michael Whelan, Jr. hereby declare under oath and penalty of perjury as follows:

1.  I am the attorney of record for captioned defendant Vilasni Ganesh in the captioned case now set for sentencing on July 25, 20118, having been appointed by the Court on April 6, 2018 under the Criminal Justice Act after finding the defendant indigent.

2.  On March 23, 2018, I filed an Application and Declaration is Support of Authorizing Indigent Subpoenas under Rule 17(c).  I hereby incorporate by reference

-1-

hereto that Application and the exhibits attached thereto.

3. On June 20, 2018, U.S. Magistrate Judge Cousins denied without prejudice said application and directed counsel to file a supplement addressing two grounds of denial. ECF 448.

4. First, the Court characterizes the information sought from victim health insurers as "personal or confidential", pursuant to Fed. R. Crim. P. 17(c)(3). Undersigned counsel disagrees. The information sought is the electronic data used to create "source spreadsheet" Exhibit 38b, and others, that are the basis of the government's amount of loss and restitution claims. These exhibits were admitted at trial over objection as business records, and to the extent that the exhibits contained confidential information (patient names), those exhibits have been sealed. However, per the Court's order, AUSA Delahunty and undersigned counsel conferred by telephone and email on 6/21/18, after which AUSA Delahunty offered to notify the pertinent parties. See ECF 449. Therefore, the Court's first concern, regarding notice, has been care of by the government.

**5.** Secondly, the Court characterizes the proposed subpoenas as an impermissibly vague and overly broad "fishing expedition" that fails to specify the documents sought. Although undersigned counsel is informed and believes that the victim insurers know exactly and specifically what electronic data underlies the loss exhibits ("source spreadsheets") they constructed for the government, a modified and more specific request, and rationale, is attached hereto and contained in the Affidavit of Mark Flores, the defense health insurance billing expert. More specifically, Dr. Ganesh requests production from the target victim insurance companies the following documents and/or data points used to

create the source spreadsheets used against her at trial and sentencing:

 a. Information identifying and distinguishing claims derived from fully insured health plans versus claims derived from self-insured health plans, in order to determine the insured party or victim;
 b. CCD + ADDENDA (i.e., ACH file for Payment), identifying the payer, i.e. the entity that paid the claim;
 c. ANSI X12 277 Claim Status Response, showing whether the claim was accepted, and the designated assignee and/or payee;
 d. ANSI X12 835 Electronic Remittance Advice, showing how much was paid on the claim;
 e. The claim "reassociation" and trace information from the Plan/Payor which is needed to "tie" the EFT payment/Check to the electronic remittance advise/EOB, i.e. identifies, tracks and confirms the entity to whom the payment was made.
 f. Identification of any "Overpayment Offsets", "Recoveries" or "Withholding" done in association with any of the claims identified in the "source spreadsheets".

6. As further support for the need to test the reliability and basis for the government loss and restitution figures, undersigned counsel requests that the Court consider the following: (a) The March 21, 2018 draft PSR contained loss amounts for insurer Noridian ($154,512.00) that then defense counsel Ted Cassman and AUSA Delahunty decided were not, in fact, attributable to Dr. Ganesh, and (b) Belcher's Sentencing Memorandum (ECF 384, pgs. 16-19) and Exhibits 11 and 12 thereto outlines specific issues regarding the unreliability of the government's source spreadsheets.

Signed under oath this 22nd day of June 2018, in San Francisco, California.

Respectfully submitted,

_____
WM. MICHAEL WHELAN, JR.
Attorney for Defendant Vilasni Ganesh