1 | ALEX G. TSE (CABN 152348)
  | Acting United States Attorney
2 |
3 | BARBARA J. VALLIERE (DCBN 439353)
  | Chief, Criminal Division
4 | JEFFREY D. NEDROW (CABN 161299)
  | PATRICK R. DELAHUNTY (CABN 257439)
5 | Assistant United States Attorneys
6 |     150 Almaden Boulevard, Suite 900
  |     San Jose, California 95113
7 |     Telephone: (408) 535-5045
  |     FAX: (408) 535-5066
8 |     Email: Jeff.nedrow@usdoj.gov
  |     Email: Patrick.delahunty@usdoj.gov
9 |
  | Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 16-CR-00211 LHK |
|---|---|
| Plaintiff, | ) UNITED STATES' RESPONSE TO DEFENDANT GANESH'S RESPONSE TO THE COURT'S ORDER AT ECF NO. 448 |
| v. | |
| VILASINI GANESH, | |
| Defendant. | |

GOV. RESPONSE TO GANESH MEMORANDUM RE SUBPOENA
CASE NO. 16-CR-211 LHK

1    The United States of America, by and through its attorneys of record, herein responds to
2  defendant Dr. Vilasini Ganesh's submission at ECF No. 448.  *See* ECF No. 450 (Ganesh memorandum).
3    In the time leading up to Ganesh filing her subpoena application, and many times since, the
4  government and defense counsel attempted to meet and confer regarding exactly what information the
5  defendant was seeking.  It was the government's position that the defendant had failed to articulate any
6  data points that were not otherwise captured in the "Source Spreadsheets," most of which are large
7  spreadsheets that include more than 100 column headings (*i.e.,* data points).  A copy of one such email
8  chain is attached.  *See* Attach. 1.  Despite communications occurring over the last two months, the
9  defendant repeatedly could not offer any clarification, merely indicating that his "defense expert"
10 wanted the information.  Indeed, during the course of the two most recent communications with defense
11 counsel, on June 21 and 22, the government continued to seek clarity regarding what exactly, as opposed
12 to the vague request for claims data "EDI," the defendant was seeking.  Counsel again provided no
13 clarity, except to again repeat that his defense expert was requesting it, and adding the explanation that
14 the purported "EDI" is easier to work with than the Source Spreadsheets.
15   Finally, very late on June 22, the defendant filed a response which provided some clarity.  It
16 included a declaration from a purported defense medical expert.  It is unclear why none of this clarity
17 could have been provided earlier, particularly because the defendant has referenced her purported expert
18 from the outset as the genesis of the idea to request this information.  The timing of the defendant's
19 filing meant there was no meaningful opportunity to meet and confer regarding this new information
20 either, as the government was apprised of it only when the document was filed.  That aside, as many
21 questions were raised by the defendant's filing as were answered.  And the filing also did not attach or
22 move for an amended subpoena.  As a result, the government continues to request the right to move to
23 quash the subpoena if and when the defendant resubmits an application that attempts to cure the
24 deficiencies of the first subpoena.
25   //
26   //
27   //
28

GOV. RESPONSE TO GANESH MEMORANDUM RE SUBPOENA
CASE NO. 16-CR-211 LHK
1

| | | |
|---|---|---|
| 1 | DATED: June 25, 2018 | Respectfully submitted, |
| 2 | | ALEX G. TSE<br>Acting United States Attorney |
| 3 | | |
| 4 | | /s/<br>JEFFREY NEDROW<br>PATRICK R. DELAHUNTY |
| 5 | | Assistant United States Attorneys |

GOV. RESPONSE TO GANESH MEMORANDUM RE SUBPOENA
CASE NO. 16-CR-211 LHK
2