Wm. Michael Whelan, Jr., Esq.. [CA Bar No. 112190]
95 S. Market Street, Suite 300
San Jose, California  95113
(650) 319-5554 telephone
(415) 522-1506 facsimile
whelanlaw@gmail.com

Attorneys for Defendant
VILASNI GANESH

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>vs.<br><br>VILASNI GANESH,<br><br>    Defendant. | Case No. CR-16-211-LHK<br><br>**Supplement to**<br>**DR. GANESH'S SENTENCING**<br>**MEMORANDUM**<br><br>Date:  July 25, 2018, 9:15 a.m. |

COMES NOW the defendant Vilasni Ganesh, by and through her counsel Wm. Michael Whelan, Jr. and submits a brief supplement to her sentencing memorandum.

1. The government clarified during a meet and confer phone conversation on this date that their current loss claims are not based on "up-coding" – i.e. submission of a claim with a CPT code that corresponds to a higher fee than the service actually performed.  The current government loss and restitution claims are based on their theory of fraud involving Dr. Ganesh listing Dr. DeWees as the provider of care, not on up-

-1-

coding.

2. Defense expert Mark Flores' work contained in Exhibits A and B support the defense claim that Dr. Ganesh should be charged with loss occurring *after* May 2011, when Dr. Ganesh opened a new Bank of America account in the name of KRD Medical Group. Consequently, we believe that that losses now claimed up to that time on the government's Attachment 9 (and incorporated into the PSR) should be excluded from loss; that is $136, 246[1] for claims from 2010 should be excluded, plus $26,595 from 2011, for a total exclusion of $162,841.00 for claims up through May 2011. This would reduce the amount of loss to $525,858, under the $550,000 threshold for applying the +14 offense level. Consequently, upward adjustment offense level should be +12, not 14. pursuant to USSG § 2B1.1(b)(1).

3. Mr. Flores raised an issue regarding two columns on the governments' Exhibit 38b: the self-funded versus fully funded columns of paid claims. Self-funded programs are patient employers that chose to reduce their overall premium by paying claims up to a deductible or "self-insured retention". The employer then pays claims under the self-insured retention; the insurer pays claims in fully-funded programs for claims exceeding the deductible. Undersigned counsel requested production from the government of the names and contact information for the entities that paid "self-insured" claims listed on Exhibit 38b. The government's response was that they were not and are not in possession of this information. Not having that information, and not having sufficient funding to complete that portion of Mark Flores defense review, the defense in not able to offer anything further on this issue at this time.

-2-

Supplement to Dr. Ganesh's Sentencing Memorandum

Respectfully submitted,

_____
WM. MICHAEL WHELAN, JR.
Attorney for Defendant Vilasni Ganesh

---

[1] See the top page of Exh. B: Flores' Spreadsheet for these figures.