1 | ALEX G. TSE (CABN 152348)
  | Acting United States Attorney
2 |
  | BARBARA J. VALLIERE (DCBN 439353)
3 | Chief, Criminal Division
4 | JEFFREY D. NEDROW (CABN 161299)
  | PATRICK R. DELAHUNTY (CABN 257439)
5 | Assistant United States Attorneys
6 |         150 Almaden Boulevard, Suite 900
  |         San Jose, California 95113
7 |         Telephone: (408) 535-5045
  |         FAX: (408) 535-5066
8 |         Email: jeff.nedrow@usdoj.gov
  |         Email: patrick.delahunty@usdoj.gov
9 |
  | Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 16-CR-00211 LHK |
|---|---|---|
| Plaintiff, | ) | UNITED STATES' NOTICE OF POTENTIAL CONFLICT OF INTEREST REGARDING DEFENSE COUNSEL |
| v. | ) | |
| VILASINI GANESH, | ) | |
| Defendant. | ) | |

NOTICE RE POTENTIAL CONFLICT OF INTEREST
CASE NO. 16-CR-211 LHK

The United States of America provides this notice to inform the Court of a potential conflict of interest regarding the simultaneous or successive representation of defendants Vilasini Ganesh and Gregory Belcher by attorney Lisa Rasmussen.

## I.   Background

The government learned this week about a potential conflict of interest that attorney Lisa Rasmussen may have in this case. Ms. Rasmussen is currently the attorney of record for Belcher in this Court. *See* ECF Nos. 415 (substitution of counsel), 420 (notice of appearance). She also represents Belcher in his pending Ninth Circuit appeal in this case. CA No. 18-10133. She has recently filed motions on Belcher's behalf in both this Court and the Ninth Circuit. On July 24, 2018, for example, she filed Belcher's second motion for a new trial. ECF No. 490.

Michael Whelan is currently the attorney of record for Ganesh in this Court. ECF No. 408 (Whelan appointed). Ms. Rasmussen has not filed a notice of appearance on behalf of Ganesh.

Belcher and Ganesh have clearly adverse interests in this case. As the Court well knows from the joint trial, one of Belcher's central trial defenses was to blame Ganesh. For example, Belcher insisted he had nothing to do with Ganesh's fraudulent billing, and he argued the case against him was "guilt by association." RT 10/24/2017 at 42 ("He is not here because of what he has done. He is here because of who he is with, Dr. Vilasini Ganesh."); *see id.* at 75.

Despite the codefendants' clearly adverse interests, Ms. Rasmussen appears now to be serving as counsel to both Belcher and Ganesh. The government has learned that on July 24, 2018—the day before Ganesh failed to appear for sentencing in this Court, citing a medical emergency (ECF No. 492)—Ganesh sat for a deposition in her state lawsuit against Aetna. That civil suit relates to this criminal case: Aetna is one of Ganesh and Belcher's victims, and Ganesh sued Aetna during her criminal trial.

On July 24, 2018, Aetna's attorney deposed Ganesh for several hours. Ms. Rasmussen apparently appeared on Ganesh's behalf and participated in the deposition, including by asserting Ganesh's Fifth Amendment right to not incriminate herself in response to Aetna's questions.[1] The

---

[1] Another attorney for Ganesh apparently also participated in the deposition.

NOTICE RE POTENTIAL CONFLICT OF INTEREST
CASE NO. 16-CR-211 LHK                          1

government has not yet obtained the transcript of that deposition; undersigned counsel learned this information on July 31, 2018, from the Aetna attorney who deposed Ganesh.

This Court should take steps to clarify whether Ms. Rasmussen is simultaneously or successively representing Ganesh and Belcher, whether a conflict exists, and whether Ganesh and Belcher waived it.

## II.  Discussion

The Sixth Amendment gives defendants a "right to representation free of conflicts of interest." *Lewis v. Mayle*, 391 F.3d 989, 995 (9th Cir. 2004).  "A conflict of interest can arise in cases of simultaneous or successive representation."  *United States v. Elliot*, 463 F.3d 858, 865 (9th Cir. 2006).

In cases of successive representation, "'conflicts of interest may arise if the cases are substantially related or if the attorney reveals privileged communications of the former client or otherwise divides his loyalties.'" *United States v. Schwayder*, 312 F.3d 1109, 1118 (9th Cir. 2002) (quoting *Fitzpatrick v. McCormick*, 869 F.2d 1247, 1252 (9th Cir. 1989).  Successive representation raises the risk "'that the attorney who has obtained privileged information from the former client may fail to conduct a rigorous cross-examination [of that client] for fear of misusing that confidential information.'"  *Id.* at 1118 (quoting *Fitzpatrick*, 869 F.2d at 1252).  The risks of conflicts from simultaneous representation are even more acute.  *See Fitzpatrick*, 869 F.2d at 1252.

The California Rules of Professional Conduct (CRPC) constrain attorneys' ability to engage in both simultaneous and successive representation.[2]  For example, CRPC 3-310(B)(2) provides that "[a] member shall not accept or continue representation of a client without providing written disclosure to the client where" that member "knows or reasonably should know that (a) the member previously had a legal . . . relationship with a party or witness in the same matter; and (b) the previous relationship would substantially affect the member's representation."  Further, CRPC 3-310(E) provides: "A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the

---

[2] Although based in Nevada, Ms. Rasmussen is also a member of the State Bar of California. http://members.calbar.ca.gov/fal/Licensee/Detail/207026.

NOTICE RE POTENTIAL CONFLICT OF INTEREST
CASE NO. 16-CR-211 LHK                           2

member has obtained confidential information material to the employment." California requires an attorney to obtain informed written consent of the current client when the attorney has obtained material confidential information from the former client. And California courts presume that an attorney learned relevant confidential information in the course of a prior representation that is substantially related to the current representation. *People v. Baylis*, 139 Cal. App. 4th 1054, 1065-66 (Cal. Ct. App. 2006).

"Trial courts have a duty of inquiry whenever they know or reasonably should know that a particular conflict exists." *Garcia v. Bunnell*, 33 F.3d 1193, 1199 (9th Cir. 1994); *see also* Fed. R. Crim. P. 44(c)(2) ("The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation."). The Court should question the defendant to ensure he or she understands the "possible adverse impact" of the conflict. *Alberni v. McDaniel*, 458 F.3d 860, 870-871 (9th Cir. 2006) (trial court may eliminate consequence of conflict "through seeking a waiver" among other steps). In inquiring into whether a conflict exists, the Court "cannot be governed solely by the perceptions of the attorney." *Sanders v. Ratelle*, 21 F.3d 1446, 1452 (9th Cir. 1994). Such an inquiry is merited here, for the reasons set forth above.

If a conflict exists, the Court should also determine whether Ganesh and Belcher have waived it. Although "[a] defendant may waive his right to the assistance of an attorney who is unhindered by conflicts," the Court must take steps to ensure a waiver is "voluntary, knowing, and intelligent, such that the defendant is sufficiently informed of the consequences of his choice." *Lewis*, 391 F.3d at 996. The defendant must understand "the specific ramifications" of forgoing conflict-free counsel, *Lockhart v. Terhune*, 250 F.3d 1223, 1233 (9th Cir. 2001), and that the attorney owes a continuing duty of loyalty to the former client, *Lewis*, 391 F.3d at 996. The Ninth Circuit will "indulge every reasonable presumption against" a waiver of conflict-free counsel. *Lewis*, 391 F.3d at 997; *accord Garcia*, 33 F.3d at 1197.

At this time, neither the government nor this Court has enough information to assess whether Ms. Rasmussen's actions create a conflict of interest, or whether Ganesh and Belcher have waived such a conflict. Further inquiry by the Court is therefore warranted.

### III. Conclusion

The government respectfully requests that the Court schedule a hearing to inquire about the potential conflict of interest described above and about the status of any potentially necessary waivers.

DATED: August 3, 2018

Respectfully submitted,

ALEX G. TSE
Acting United States Attorney

/s/
JEFFREY NEDROW
PATRICK R. DELAHUNTY
Assistant United States Attorneys