Wm. Michael Whelan, Jr., Esq.. [CA Bar No. 112190]
95 S. Market Street, Suite 300
San Jose, California  95113
(650) 319-5554 telephone
(415) 522-1506 facsimile
whelanlaw@gmail.com

Attorneys for Defendant
VILASNI GANESH

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>vs.<br><br>VILASNI GANESH,<br><br>    Defendant. | Case No. CR-16-211-LHK<br><br>**GANESH'S MOTION FOR RECONSIDERATION AND TO JOIN BELCHER'S MOTION FOR NEW TRIAL**<br><br>Date:  August 28, 2018, 10:30 a.m. |

COMES NOW the defendant Vilasni Ganesh, by and through her counsel Wm. Michael Whelan, Jr., and hereby moves the Court to reconsider its denial (ECF 445) of Ganesh's Motion for New Trial (ECF No. 338 & 387), and to Join Dr. Belcher's Motion for New Trial and supporting exhibits (ECF No. 490, 491, 494, 495, & 497)[1].

This motion is based upon F.R.Crim.P. Rule 33(a) and (b)(1) (newly discovered evidence), Dr. Belcher's Motion for New Trial, Dr. Ganesh's Motion for New Trial, the

---

[1] All of which are incorporated by reference here in support of the captioned motion.

-1-

newly discovered evidence outlined in Dr. Belcher Motion for New Trial and in Exhibit A hereto (defense expert Mark Flores' Final Report), and all prior filed papers and motions in this case.

**NEWLY-DISCOVERED EVIDENCE**

A primary contention in Ganesh's Motion for New Trial (denied by the Court at ECF No. 445) was unreliability of the government's source spreadsheets and claims of loss and restitution based on those spreadsheets.  These claims were supported by multiple exhibits filed in support of (a) Ganesh's MNT (ECF No. 338 & 387), (b) her motions for subpoenas to issue for the insurers EDI electronic data that the source spreadsheets were based upon (ECF No. 432, 448, 449, 450, 452, 453, 455), (c) her Sentencing Memorandum (ECF No. 473 & 482), and (d) Belcher's Sentencing Memorandum (ECF No. 384, Exhibits 11 and 12).  The Court, on more than one occasion, has not found these arguments and exhibits to be compelling, but rather has found that  "…the government presented a substantial amount of evidence indicating that the spreadsheets and EOBs submitted by the government are accurate representations of the contents of the claims at issue in the instant case because (1) the spreadsheet entries and EOBs were derived from the insurers' own internal claims databases; and (2) these claims databases contain generally accurate records of all claims submitted to the insurers by health care providers." ECF No. 445, pg. 8.

Dr. Ganesh respectfully requests that the Court now consider mounting and newly discovered evidence that legitimately and directly contradicts the trial testimony of the insurer employees that the government's source spreadsheets evidence was "generally

accurate". See Declaration of Lisa Reinshagen and Exhibits 1 through 4 in support of Belcher's Motion for New Trial (ECF No. 490 & 491) and Exhibit A attached hereto, Final Report of Mark Flores. Both conclude that the information contained in the source spreadsheets are frequently wrong or incomplete, raise significant doubt regarding the exact amounts paid to Dr. Ganesh on the claims in question, and that the insurers, acting as Third Party Administrators for self-insured plans, may have received payments from self-insured entities but never paid to Dr. Ganesh as claimed!

This newly discovered evidence of the unreliability of the source spreadsheets now adds to the quantum of evidence that wholly contradicts the government claims that the source spreadsheets are generally accurate.

Therefore, Dr. Ganesh is entitled to a new trial pursuant to Federal Rules of Criminal Procedure Rule 33, which permits the court to grant a motion for new trial based on newly discovered evidence. To obtain a new trial based on newly-discovered evidence, a defendant must show that (1) the evidence is newly discovered and was unknown to him at the time of the trial; (2) the evidence is material, not merely cumulative or impeaching; (3) the evidence will probably result in an acquittal; and (4) the failure to learn of the evidence sooner was not the result of a lack of diligence. *United States v. Davis*, 960 F.2d 820, 824-25 (9th Cir. 1992) (quoting *United States v. Walgreen*, 885 F.2d 1417, 1428 (9th Cir. 1989).)

Based upon information and belief, and defense investigation since appointment of undersigned counsel on April 6, 2018 (ECF No. 408):  (a) the newly-discovered evidence cited in support herein was unknown to trial counsel, Dan Horowitz, (b) the evidence is

material to contradict the claimed accuracy of evidence (the source spreadsheets) *central* to the jury's guilty verdicts, (c) because the source spreadsheets were central to the government's health care fraud claims, the newly discovered evidence would likely undermine the reliability of that evidence and would probably lead to acquittals, and (d) the failure to learn of the evidence sooner was not the result of a lack of diligence. Trial counsel and the client, both with limited financial resources for trial, made a tactical decision to pursue an insanity defense. In addition, this Court's recent denials of Ganesh's multiple motions to authorize subpoenas of the electronic data that the source spreadsheets were based upon is telling  There is no reason to believe that the Court would have authorized and funded through C.J.A. this kind of defense investigation into the unreliability of the source spreadsheets.[2]  Further, there is no reason, in light of the Court's recent denial orders, to believe that the Court would have granted a motion by trial counsel for subpoenas of the insurers EDI data.

## CONCLUSION

For all these reasons, and any others that the Court deems appropriate, Dr. Ganesh's motion for new trial should be reconsidered and granted.

Respectfully submitted,

_____
WM. MICHAEL WHELAN, JR.
Attorney for Defendant Vilasni Ganesh

---

[2] Not reflected on the ECF docket, is this Court's denial of undersigned counsel's 5/9/18 ex parte request for CJA funding for defense expert Mark Flores to examine and analyze the insurers EDI data.

-4-

Dr. Ganesh's Motion for Reconsideration and To Join Belcher's Motion for New Trial