| | |
|---|---|
| 1 | Wm. Michael Whelan, Jr., Esq.. [CA Bar No. 112190]<br>95 S. Market Street, Suite 300 |
| 2 | San Jose, California  95113<br>(650) 319-5554 telephone |
| 3 | (415) 522-1506 facsimile<br>whelanlaw@gmail.com |
| 4 | |
| 5 | Attorneys for Defendant<br>VILASNI GANESH |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. CR-16-211-LHK |
| Plaintiff, | |
| vs. | |
| VILASNI GANESH, | |
| Defendant. | |

# GANESH'S
# EXHIBIT A:
# MARK FLORES' FINAL REPORT
# TO
# GANESH'S MOTION FOR RECONSIDERATION
# AND
# TO JOIN BELCHER'S MOTION FOR NEW TRIAL



**HEALTHCARE REVENUE CONSULTANTS**

August 14, 2018

RE: <u>US v. Vilasni Ganesh 16-CR-211-LHK</u>

This report is based on information provided in the 38b spreadsheet, Declaration of Lisa Reinshagen, Defendant Belcher Motion for New Trial, Exhibit 1-Glossary of Spreadsheet Errors, Exhibit 2-Tutorial on Claim Submitting, Exhibit 3-Lytec User Guide and Exhibit 4-Gateway-Trizetto emails.

**Executive Summary**:

**I find the facts in Ms. Reinshagen's report to be accurate and consistent with nationally accepted industry standards. In my opinion, the facts are very difficult to reconcile with the insurance companies allegations as noted in the spreadsheet 38b, and raise significant questions as to the exact amount the defendants actually received from insurance companies on the claims in question. Additionally, in my opinion, it appears insurance companies that acted as Third Party Administrators for self-insured health plans, may have received money from such health plans but never paid such money to the defendants.**

**Findings:**

<u>Section I</u>

Ms. Reinshagen's contention that there is information missing from the spreadsheet 38b, is factually accurate. I believe this "missing information" (see Glossary of Spreadsheets Errors 38B) is confirmation that the claim could not have been paid as alleged on the insurance company spreadsheet. It is industry standard for electronically submitted medical claims to be accepted as a "Clean Claim" once it is determined that all information is accurate. However a claim is not considered a "Clean Claim" and is "rejected" by the clearinghouse when there is any missing or inaccurate data (see Declaration of Lisa Reinshagen, pg 4, "c"). Missing or inaccurate data, such as "Zip Code" and critically, "Patient Account Number", would definitely cause a claim to be "rejected" or otherwise kicked out of the system. I have not seen any evidence or information from the insurance carriers that reconcile these discrepancies.

In my opinion, claims with missing information or inaccurate information cannot be clarified as legitimate, and as such, should not be on the spreadsheet at all. However, in arguendo, even assuming the claims on the spreadsheet were legitimate, or "Clean Claim" submissions, the


**HEALTHCARE REVENUE CONSULTANTS**

discrepancies or missing information is likely the result of the claim received and processed by the insurance carrier, however during the adjudication process, the information may have been deleted or omitted from the claim and or spreadsheet.

Finally, Ms. Reinshagen makes reference to multiple discrepancies regarding "Amount Paid" on several insurance spreadsheets when compared to the Lytec and Gateway systems (see Declaration of Lisa Reinshagen, pg 5 "d"). Based on the discrepancies and missing information that occurred after the claim was received and processed, it does not seem possible the defendant could have actually received the reimbursements, as alleged by the insurances carriers.

Section II

As I reported in my 7/17/2018 Initial Report, which was based on a sampling of the information provided in the 38b spreadsheet, with respect to TIN 94-2443735, the assessment was done by separating "Fully Insured" claims from "Alternate Funded" claims as indicated on the spreadsheet column "BT" titled "Funding". "Fully Insured" claims represent claims that were paid by the insurance company directly. "Alternate Funded" claims represent claims that were paid by a self-insured health plan and not the insurance company. As such, because the identity of the "Alternated Funded" entities, or health plans, is not provided it cannot be ascertained whether the insurance companies are still contracted and with authority to keep the amounts that were paid by the unidentified health plans nor can an "identifiable victim" be established, consistent with the Guideline Provisions. All claim line items that did not have check numbers, as indicated on column "AS" titled "CHK NBR", were determined to be non-payments, based on the fact any payments MUST have a check number (or some other type of tracking number) regardless of whether the claim was paid with a paper check or electronic funds transfer (EFT).

Here again, with respect to self-insured health plans, insurers may have requested, received and retained funds from self-insured health plans. However, the defendant appears to have not received the amounts on the spreadsheets, due to incorrect zip codes, missing patient account numbers and discrepancies of paid amounts between the insurance spreadsheets and Lytec / Gateway systems, and instead:

- Checks may have been sent the wrong address and zip code and returned to the carrier;
- Insurers inability to reassociate funds received from the self-insured health plan that were supposed to be made to the defendant, due to the missing patient account numbers;
- Amounts received by insurers from self-funded plans, could differ from amounts that were allegedly paid to defendant;
- This would explain the discrepancies as noted between the insurance spreadsheets and Lytec and Gateway systems "Amounts Paid";


**HEALTHCARE REVENUE CONSULTANTS**

**Conclusion**:

It is my opinion that all the claims with missing information, or inaccurate data should be removed from the insurance spreadsheets completely. Moreover, with respect to self-insured health plans, the evidence leads me to believe funds received by the insurance company from the self-insured plans, may have not been paid to the defendants, as alleged by the insurance spreadsheets.

_____

Mark Flores
Vice President/Co-Founder
Avym Corporation