Wm. Michael Whelan, Jr., Esq.. [CA Bar No. 112190]
95 S. Market Street, Suite 300
San Jose, California  95113
(650) 319-5554 telephone
(415) 522-1506 facsimile
whelanlaw@gmail.com

Attorneys for Defendant
VILASNI GANESH

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>  Plaintiff,<br><br>vs.<br><br>VILASNI GANESH,<br><br>  Defendant. | Case No. CR-16-211-LHK<br><br>**SECOND SUPPLEMENT TO DR. GANESH'S SENTENCING MEMORANDUM**<br><br>Date:  August 28, 2018, 10:30 a.m. |

   COMES NOW the defendant Vilasni Ganesh, by and through her counsel Wm. Michael Whelan, Jr., hereby submits, as requested by the Court, her second supplement to her Sentencing Memorandum, supporting further the defense contention that the government's claims regarding identifiable victims and amounts of loss are unreliable and have not been proven by clear and convincing evidence.

   1.   The Court requested clarification of the significance, raised by the defense, of two columns on the governments' Exhibit 38b: the "Fully Insured" column versus the

-1-

"Alternate Funded" column of claims purportedly paid to Dr. Ganesh.  See Defense Expert Mark Flores' Final Report, attached as Exhibit A to Dr. Ganesh's Motion to Join Belcher's Motion for New Trial (based on newly discovered evidence). "Alternate funded" means self-funded programs such as a patient's employer that chose to reduce their overall premium by paying claims up to a deductible amount or "self-insured retention" amount.  These claims are paid by the self-insured entity's health plan (usually an employer) and are *not paid by the insurer.*  "Fully funded" claims are paid by the insurer directly.  Undersigned counsel requested production from the government of the names and contact information for the entities that paid "self-insured" claims listed on Exhibit 38b.  The government's response was that they were not and are not in possession of this information, and they were and are unwilling to request it from the insurer "victims".  The defense ability to further challenge the loss figures and claimed "victims" is limited due to not having that having the names of the self-insured entities involved, not being allowed to subpoena the EDI data underlying the government's "source spreadsheets", and not having sufficient funding to complete further defense expert analysis by Mark Flores.

 Nevertheless, the following expert conclusions can be drawn:

Without further production of information and data underlying the government's source spreadsheets and self-funded entities, it is not possible to identify actual victims and amounts of loss. Defense expert review of Exhibit 38b determines that Dr. Ganesh appears not to have received some of the amounts claimed on the spreadsheets due to incorrect zip codes, missing patient account numbers, and discrepancies of paid amounts

WM. MICHAEL WHELAN, JR.
ATTORNEY AT LAW
95 S. MARKET STREET, SUITE 300
SAN JOSE, CALIFORNIA 95113
(650) 319-5554

between the insurer spreadsheets and Ganesh and Belcher's Lytec/Gateway billing system information. These discrepancies (between the "source spreadsheets" and the Lytec/Gateway information) could be explained by the following: (a) checks may have been sent to the wrong address and zip code, and returned to the carrier, (b) insurers ability to reassociate funds received from the self insured health plan that were supposed to be made to the defendant, due to missing patient account numbers, and (c) amounts received by insurers from self-funded plans could differ from amounts that were allegedly paid to the defendant. These defense expert conclusions support the defense claims that (a) the victims have not been properly identified pursuant to USSG 2B1.1, Appl. N.1 ("Victim means, any person who sustained any part of the actual loss and the government's actual loss…"), and (b) actual paid claims to Dr. Ganesh have not been proven by clear and convincing evidence.

  The defense contends that, at most, there are 6 victims: the four insurers (Anthem, Blue Shield, Aetna, and Cigna) now listed by the government in their Attachment 9, and the two patients referenced in the final PSR at paragraphs 62 and 63 (Chris Seitz and John Galarneau).

  2. The Court requested clarification of paragraph 14 of the PSR. Although the government will likely respond to this concern in more detail, KRD (the Kuhlman Riley & DeWees medical practice) changed its name to Campbell Medical Group (CMG) in approximately 1987. Dr. DeWees sold that practice to Dr. Ganesh in approximately 2006 *after Dr. DeWees left that practice.* Between 2011 and 2014 Dr. DeWees practiced part time at the Campbell Family Practice, to be distinguished from Campbell Medical Group

(CMG).  There is no defense claim that Dr. DeWees continued to practice with Dr. Ganesh in any way after 2006.

Respectfully submitted,

_____
WM. MICHAEL WHELAN, JR.
Attorney for Defendant Vilasni Ganesh