THE LAW OFFICE OF
**Lisa Rasmussen**
CRIMINAL DEFENSE AND CIVIL LITIGATION

## CONFLICT OF INTEREST NOTICE AND ADVISORY STATEMENT

TO:   VILASINI GANESH
      GREGORY BELCHER

I currently represent Gregory Belcher in his direct appeal now pending before the Ninth Circuit Court of Appeals. In my work on that case it has become apparent to me that there is a basis to file a Motion for New Trial for claims relating to spreadsheets that were inaccurate and irrelevant that were used by the government at trial in its case in chief. My brief review of the transcripts thus far reveals that the inaccurate and irrelevant transcripts were used against both Vilasini Ganesh and Gregory Belcher at trial.

Of course, the two of you were tried together and are married. You had separate trial counsel at trial. While I have previously advised you that I do not think that you have conflicting appellate issues (since you were both acquitted of the conspiracy counts and money laundering counts), I would at this point further advise you that I think that the Motion for New Trial issues pertain to both of you and I do not believe that you have conflicting arguments as it relates to a Motion for New Trial. I would like to be able to talk to both of you about the Motion for New Trial issues and out of an abundance of caution, I make this notice and request a limited waiver, which appears below.

Furthermore, Vilasini's civil counsel has asked that I assist her in providing documents for production in Vilasini's civil case against Aetna and/or give her general advise on Vilasini's 5th Amendment rights. The Aetna lawsuit appears to be related to the criminal case. Thus, I am requesting a waiver on this issue specifically in order for me to communicate with Heather Newman, Vilasini's civil counsel. I have also advised Vilasini to ask Mr. Whelan for assistance in this regard, but it does not appear that those efforts have been fruitful. Vilasini's civil lawsuit against Aetna is for claims that were never paid and some of those claims appear to have been the subject of the criminal litigation. Thus, a waiver is necessary in order for me to assist Vilasini and her civil counsel in the matter against Aetna. The assistance in that matter will not require my appearance as co-counsel in that case, rather, it is only anticipated that I will assist Vilasini and her civil counsel in protecting Vilasini's 5th Amendment rights.

Parties with adverse interests always have a right to have separate counsel in any criminal or civil case. While I do think that there was some presentation of adverse interests that occurred at trial, I do not think that discussing or developing your common issues pertaining to a Motion for New Trial, or my assistance in Vilasini's civil case is adverse to Greg. Nor do I think my representation of Greg is his direct appeal is adverse to Vilasini.

P 702.471.1436 • F 702.489.6619
601 South 10th St, Las Vegas, NV 89101                                    www.LRasmussenLaw.com

Parties who are notified of a potential conflict of interest (or even an actual conflict of interest) must be advised that they have the right to discuss the pros and cons of sharing an attorney for common issues with a third lawyer who is not involved in the representation of either. Thus, I am advising you that you can discuss this with another lawyer and you are encouraged to do so to ensure that your interests are protected, prior to signing this notice and limited waiver, which appears below.

I am also required to advise you that you are never required to sign a waiver of a conflict of interest.

## LIMITED WAIVER OF CONFLICT OF INTEREST

I, Gregory Belcher, understand that I am entitled to conflict free counsel in my direct appeal and related proceedings, including an anticipated Motion for New Trial. I authorize my counsel, Lisa Rasmussen, to discuss the events of the trial with my co-defendant, Vilasini Ganesh and I authorize Lisa Rasmussen to identify claims common to both me and my codefendant (and wife) Vilasini Ganesh for any purpose, including direct appeal or a motion for new trial. I waive any conflict regarding Ms. Rasmussen's communications, consultation and advocacy for Vilasini Ganesh related to the direct appeal for either of us, or any motion for new trial.

I further authorize Lisa Rasmussen to work with Vilasini Ganesh in Vilasini's civil case against Aetna in order to protect Vilasini's constitutional rights in that case. I waive any conflict that could arise out of such assistance to Vilasini in her civil case. I have been advised that I have the right to consult with outside counsel regarding this waiver.

Dated 7/2/2018

Gregory Belcher, MD

I, Vilasini Ganesh, understand that Lisa Rasmussen represents my husband, Gregory Belcher, in his direct appeal pending before the Ninth Circuit. I understand that I have the right to separate counsel to discuss my own appeal and any issues related to my ability to file a motion for new trial based on inaccurate and irrelevant spreadsheets. I choose to discuss these issues with Lisa Rasmussen. I have been advised that I have the right to consult with another attorney and I make this decision.

I have asked Lisa Rasmussen to assist me and my civil lawyer in my civil case against Aetna. I know that Lisa Rasmussen represents my husband. I know that I have the right to a separate lawyer. I have been advised that I can speak to another lawyer. I waive the right to complaint that she had a conflict of interest in assisting me in my civil case.

Dated: 7/2/2018

_____
Vilasini Ganesh, MD