ALEX G. TSE (CABN 152348)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

JEFFREY D. NEDROW (CABN 161299)
PATRICK R. DELAHUNTY (CABN 257439)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5045
    FAX: (408) 535-5066
    Email: Jeff.nedrow@usdoj.gov
    Email: Patrick.delahunty@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>VILASINI GANESH,<br><br>    Defendant. | CASE NO. 16-CR-00211 LHK<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION<br><br>Date: August 28, 2018<br>Time: 10:30 a.m.<br>The Hon. Lucy H. Koh |

## I. BACKGROUND

On August 14, 2018, Ganesh filed a motion requesting that this Court reconsider its June 8, 2018 ruling, ECF No. 445, in which it denied Ganesh's March 2, 2018 motion for a new trial. ECF No. 513. Ganesh's sole basis in support of her request was her claim that she had become aware of "newly discovered evidence" regarding the unreliability of the government's source spreadsheet exhibits.

Ganesh's motion should be denied outright without any further hearing. The reconsideration motion is nothing more than a re-argument of matters upon which this Court has already received extensive briefing and argument, and with regards to which it issued a well-reasoned order denying the

new trial motion. Ganesh presents no new law, no new facts which were not wholly available to her at the time of trial and the initial motion, and no new credible evidence in support of her request for substantive reconsideration. In particular, Ganesh fails to cite to any specific inaccuracies in the source spreadsheet exhibits, and has completely failed to provide any coherent argument in support of her claim that the source spreadsheets are not accurate. The request for reconsideration of the Court's prior ruling should accordingly be denied.

## II.   ARGUMENT

<u>The Defense Has Failed to Provide Any Factual or Legal Basis Supporting Reconsideration</u>

Under the "law of the case" doctrine, "[a] court is generally precluded from reconsidering an issue that has already been decided the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993), cert. denied, 113 S.Ct. 2443 (1993). A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest justice would otherwise result. *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

As detailed below, the defense has completely failed to provide any showing as to any of the above criteria in support of its request for the Court to reconsider its prior order denying defendant's motion for a new trial.

(1) **The Court's denial of defendant's initial new trial motion was correct**

The Court did not commit clear error in finding that defendant's March 2, 2018 new trial motion was meritless. In particular, the Court did not clearly err in squarely rejecting Ganesh's arguments regarding the admissibility and accuracy of the source spreadsheet exhibits. At trial, the government proved that the source spreadsheet exhibits[1] reflected information kept and stored in the normal course

---

[1] Used herein, "source spreadsheet exhibits" refers to Government Trial Exhibits 15(a) – (c), 37(a) – (e), 38(a) – (c), 39(a) – (d), 40(a) – (d), 42(a) – (i), and 88(a).

of business by the victim insurers in large databases. RT 11/14 12:1—15:5 and 35:5—39:16 (Richer, Aetna); 11/20 175:2--23 (Kahler, Cigna) and at 79:9—81:14 (Kearney, United) and 210:15-2 (Kondratenko, Blue Shield) and 11/21 4:23—6:23, 8:17—9:20 (same); 11/21 82:5-85:5 (Haskins, Anthem).  This was explained by a senior employee of each insurer who was personally familiar with storage of such information and their employer's ability to recall the data by generating billing reports specific to certain doctors or other common queries.  Specifically, when the insurers received claims from health care providers, they uploaded the claim date (automatically or through manual transcription of paper claims) to a database.  This gave the insurer the ability to query the database and generate reports that provided limited data sets.  The overwhelming evidence at trial established that the databases, and the source spreadsheet exhibits by extension, were accurate because the victim insurers accurately tracked and maintained the data submitted to it on claims for reimbursement in the databases. *Id*.  Indeed, maintaining accurate records was essential to the ability of the victim insurers to effectively pursue their day-to-day activities as health care benefits programs.

This Court carefully considered the question of the admissibility and trustworthiness of the spreadsheets in its June 22, 2018 order.  ECF No. 445 pp. 14-16.  The Court noted in its order that it had already twice overruled previous defense objections to the spreadsheets—once before trial, ECF No. 149 at 5, and then again in denying Belcher's first motion for a new trial, ECF No. 361 at 19-21.  As noted and conceded by the defense in its motion for reconsideration, the court then proceeded to reject Ganesh's arguments on this issue for a third time:

> In sum, the government presented a substantial amount of evidence indicating that the spreadsheets and EOBs submitted by the government are accurate representations of the contents of the claims at issue in the instant case because (1) the spreadsheet entries and EOBs were derived from the insurers' own internal claims databases; and (2) these claims databases contain generally accurate records of all claims submitted to the insurers by health care providers. Thus, contrary to Ganesh's argument, the Court finds that these spreadsheets and EOBs constitute sufficient circumstantial evidence of the contents of the claims for reimbursement underlying Counts Two, Three, Five, Six, Twelve, Thirteen, Fourteen, and Fifteen.

ECF 445 p. 8.

Undeterred, Ganesh is now asking the Court to consider this issue for a fourth time. In doing so, Ganesh is asking the Court to reconsider its own three prior rulings on the issue of the source spreadsheets. Repetition of the same failed argument, however, does not lend it any more credence. Ganesh has not met her burden of presenting any factual or legal basis to question either the admissibility or the accuracy of the spreadsheets, and as described in greater detail below, there is no new or substantially different evidence which would justify the Court re-examining this issue. The Court was entirely correct in ruling the source spreadsheet exhibits admissible at trial, and rightly rejected this argument in its prior incarnations. As the defense has completely failed to demonstrate that this Court's prior rulings regarding the admissibility and accuracy of the spreadsheets were clear error, the motion for reconsideration cannot be granted on this ground.

(2) **No intervening change in the law has occurred**

Ganesh makes no argument that an intervening change in the law supports her request for a motion for reconsideration, and the government is not aware of any change in the law which would support such an argument.

(3) **No Substantially Different or New Evidence**

Ganesh claims that newly discovered evidence supports her motion. Ganesh primarily cites to an expert declaration and exhibits submitted in support of Belcher's rejected second new trial motion, ECF 490 and 491, for the premise that those submissions provide a basis for this Court to reconsider its rejection of Ganesh's first new trial motion. Ganesh also cites to an unsworn expert report which she has submitted in support of her request. For a variety of reasons, these materials fail to provide any new basis for this Court to reconsider its prior rulings on this issue.

First, on August 17, 2018, this Court correctly denied Belcher's second new trial motion, finding that it did not have jurisdiction to substantively consider Belcher's second motion for a new trial in light of Belcher's pending appeal. ECF 517. Accordingly, the primary basis for Ganesh's motion for

reconsideration rests with an untested declaration submitted in support of a co-defendant's second motion for a new trial which was untimely, unsupported by new evidence, and rejected by the Court for lack of proper jurisdiction in light of the defendant's pending appeal.  Under such circumstances, it is difficult to see how the defense can seriously argue that such a motion provides a factual basis for the Court to reconsider its prior rulings regarding the source spreadsheet exhibits.

Second, Ganesh has never made any showing whatsoever as to why she was not able to acquire the factual information cited in her motion for reconsideration prior to trial, or even in time for her initial new trial motion in March 2018.  Ganesh never sought any documents from any of the victim insurance companies prior to trial or prior to March 2018.  (Notably, her co-defendant Gregory Belcher did.)[2]  Ganesh has never provided any factual or legal basis for her failure to do so.  The fact that this information was available to her and Belcher, and that she simply declined to make these arguments previously, demonstrates that there is nothing new here.  The defense claims may constitute newly articulated arguments, but they are not new evidence, and the defense cannot properly seek reconsideration of the Court's prior rulings simply by re-packaging arguments on evidence which it has long had available to it.  Ganesh has failed to demonstrate how any of this information is actually newly available to her.

Third, even if the Court is inclined to consider Ganesh's claims on their merits, these arguments do not actually rest on substantially different or "new" evidence based on the record in this case.  As explained in greater detail in the government's opposition to Belcher's second new trial motion, ECF No. 516, pp. 10-17, the defense has not introduced any new facts which meaningfully call into question the accuracy of the spreadsheets.  To the contrary, the second Belcher new trial motion largely consisted of strained efforts to conjure "new evidence" based on a recitation of a number of theoretical legal

---

[2] Although unnumbered on the docket, the docket reflects that 10 subpoenas were issued to Dr. Belcher on October 10, 2017, and the government understands, from prior conversation with counsel for Dr. Belcher and counsel for the insurance companies, that these were subpoenas issued to the insurance companies at issue in this case *prior to trial*.

arguments which could have been made at trial, and arguably could have gone to the weight of the source spreadsheet exhibits admitted at trial. In essence, the second Belcher new trial motion sought to improperly re-litigate and re-interpret the circumstances under which the source spreadsheet exhibits were admitted, arguing that the manner in which the government "presented" the Source Spreadsheets at trial violated due process. ECF 490 at pp. 13-14.

These claims are not new facts. They are after-the-fact arguments which seek to re-interpret the import and value of the spreadsheet exhibits. New attacks on old evidence are not new evidence; and attempting to re-cast *old* attacks on old evidence in a different light, as Belcher did in his motion, certainly cannot meet that definition. Evidence is not newly discovered for purposes of a new trial motion if it was known to the defendant during trial. *E.g., United States v. McKinney*, 952 F.2d 333, 336 (9th Cir. 1991); *United States v. Eldred*, 588 F.2d 746, 753 (9th Cir. 1978). The same standard should be used in considering whether the defendant has demonstrated "newly discovered evidence" for purposes of a motion for reconsideration, and the defense has plainly failed to meet its burden here.

The source spreadsheet exhibits, and the data contained within them, were well-known to the defendant during trial. They were produced in discovery well before trial. And the defense was not simply aware of these exhibits; the defense built its trial strategy, in part, on challenging the credibility of the source spreadsheet exhibits. The trial record reflects that Belcher and Ganesh repeatedly attempted to challenge the reliability of the source spreadsheet exhibits throughout the trial by showing purported inaccuracies. *E.g.*, RT 11/14 at pp. 40, 52-55, and 84-87 (Richer/Aetna); 11/20 at p. 15-16 (Richer/Aetna); 11/20 at pp. 86-87 (Kearney/Optum-United); 11/20 at pp. 191-93 (Kahler/Cigna); and, 11/21 at pp. 26-27, 30-33, and 36-38 (Kondratenko/Blue Cross). The defense efforts to discredit the source spreadsheets at trial were persistent and unmistakable. They were also wholly unsuccessful on the merits. The jury resoundingly rejected these challenges through its return of 10 guilty verdicts against Ganesh, a result which found her guilty of every single substantive health care fraud count with which she was charged. It cannot be disputed that Ganesh and her counsel had the capacity, awareness, and ability to challenge the spreadsheets at trial, and did so. Yet despite their best efforts, and repetitive and voluminous post-trial filings, neither Ganesh nor Belcher have ever succeeded in casting serious doubt on the accuracy of the spreadsheets. Ganesh's ongoing post-trial efforts to continue that failed

line of attack do nothing to justify a motion for reconsideration.

Aside from her reliance on the Belcher new trial motion exhibits, Ganesh also makes a half-hearted effort to rely upon a report from her post-trial expert, Mark Flores, which she also claims provides a basis for the Court to reconsider its prior ruling. However, the Flores material similarly fails to provide any cogent basis for the Court to re-visit its three prior rulings regarding the source spreadsheet exhibits. In a prior filing, Flores has confirmed that insurance companies are required to keep billing information and produce it in response to subpoenas. *See* ECF No. 450-1 (Flores Decl., undated). If anything, the logical inference from Flores' prior declaration is that the source spreadsheet exhibits are accurate and reliable because, as he asserts, the insurers are required to keep the information and produce it upon receipt of legal process. His report does nothing other than speculate as to areas where some information may be missing from the source spreadsheet exhibits, and as noted in the government's August 14, 2018 filing, much of this information, such as the question of self-funded and fully funded claims, is irrelevant to the core question of whether Ganesh made a false statement in an effort to obtain money from the insurance company; at most, the distinction matters only for purpose of restitution, in terms of determining who paid the money to Ganesh based on her false representations. Flores' musings on the hypothetical impact of facts which might not be reflected in the source spreadsheet exhibits falls far short of justifying a motion for reconsideration, because the question has no impact on Ganesh's core criminal conduct or even on the loss calculation.

In sum, Ganesh's motion for reconsideration does nothing more than continue to recycle and rehash the same failed arguments as to the source spreadsheet exhibits which have been previously rejected by this Court and the trial jury. The defense has not provided any new information which is "substantially different" from the factual landscape at trial. Because there is not, in fact, any newly discovered evidence here, the motion for reconsideration should be denied on this ground.

(4) **No changed circumstances**

There are no changed circumstances in this case which merit substantive reconsideration of the Court's denial of the new trial motion. As summarized in the preceding paragraphs, Ganesh has provided nothing new, but has instead simply sought to put a different spin on facts which were long in the possession of the defense.

GOV'T OPP TO RECONSIDERATION MOTION
 CASE NO. 16-CR-211 LHK                    7

(5) **No manifest injustice**

Ganesh cannot cite any manifest injustice which will occur in this case should the motion for reconsideration be denied. Ganesh has been well-represented in this case by numerous experienced, competent lawyers, all of whom have vigorously litigated on her behalf through the filing of dozens of motions. Ganesh has had ample opportunity to present her arguments, and has made this same argument regarding the source spreadsheet exhibits repeatedly. Indeed, the Court has twice delayed the sentencing hearing to give Ganesh additional time to submit briefing and make her arguments to the Court. The Court carefully considered these issues in evaluating the original new trial motion, and found them to be meritless. No "manifest injustice" has been visited upon Ganesh by the Court's order in this case.

## III.  CONCLUSION

The Court's order denying the defendant's motion for new trial properly found that the defendant had failed to carry its burden of justifying a new trial. Nothing significant has changed in terms of the record in this case. The defendant has provided no cognizable factual or legal basis to reconsider that order. The motion should be denied outright.

DATED: August 21, 2018         Respectfully submitted,

                               ALEX G. TSE
                               United States Attorney

                               /s/
                               JEFFREY NEDROW
                               PATRICK R. DELAHUNTY
                               Assistant United States Attorneys