UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>VILASINI GANESH and<br>GREGORY BELCHER,<br><br>   Defendants. | Case No. 16-CR-00211-LHK-1<br><br>**ORDER DENYING DEFENDANT GANESH'S SECOND MOTION FOR NEW TRIAL**<br><br>Re: Dkt. No. 513 |

On August 14, 2018, Defendant Ganesh filed a second motion for new trial "based upon F[ed]. R. Crim. P. Rule 33(a) and (b)(1)." ECF No. 513 at 1. Defendant's second motion for new trial appears to be based on purportedly newly discovered evidence. *See id.* at 1 (stating that the instant motion is "based upon" Federal Rule of Criminal Procedure "33(b)(1) (newly discovered evidence)"). However, "[i]n order for newly-discovered evidence to warrant a new trial," a defendant must show that (1) "'the evidence is newly discovered and was unknown to [the defendant] at the time of trial'"; (2) "'the evidence is material, not merely cumulative or impeaching'"; (3) "'the evidence will probably produce an acquittal'"; and (4) "'failure to learn of the evidence sooner was not due to a lack of diligence.'" *United States v. Davis*, 960 F.2d 820, 824–25 (9th Cir. 1992) (quoting *United States v. Walgren*, 885 F.2d 1417, 1428 (9th Cir. 1989)).

In the instant case, Defendant has fallen well short of satisfying these requirements. Defendant's motion contains little more than conclusory assertions—devoid of any meaningful explanations in support—that the requirements for a new trial based on newly discovered evidence are met. *See* ECF No. 513 at 3–4 (stating only that "[b]ased upon information and belief," (1) "the newly-discovered evidence cited in support herein was unknown to trial counsel"; (2) "the evidence is material to contradict the claimed accuracy of evidence . . . *central* to the jury's guilty verdicts"; (3) "because the source spreadsheets were central to the government's health care fraud claims, the newly discovered evidence would likely undermine the reliability of that evidence and would probably lead to acquittals"; and (4) "the failure to learn of the evidence sooner was not the result of a lack of diligence").

Defendant's motion is deficient as to all four of the above requirements. Nonetheless, this order will explicitly address the diligence requirement. In support of Defendant's assertion that her "failure to learn of the [purportedly new] evidence sooner was not the result of a lack of diligence," Defendant states only that (1) trial counsel "made a tactical decision to pursue an insanity defense" at trial; and (2) in light of Judge Cousins's "recent denials of [Defendant's] multiple motions to authorize subpoenas of the electronic data that the source spreadsheets were based upon," there "is no reason . . . to believe that the Court would have granted a motion by trial counsel for subpoenas of the insurers['] EDI data" before trial. *Id.* at 4.

Defendant's arguments are not well-taken. As to Defendant's reliance on trial counsel's "tactical decision to pursue an insanity defense," *id.*, "Rule 33 does not give counsel a second opportunity to rectify a faulty trial strategy." *United States v. Garcia-Alvarez*, 541 F.3d 8, 18 (1st Cir. 2008). Defendant does not dispute, and indeed appears to concede, that her trial counsel "did not do anything before or during trial to secure the post-judgment evidence upon which [Defendant's] motion for new trial is premised." *Id.* Thus, Defendant cannot rely on trial counsel's "conscious decision to go to trial using the evidence they had available" to show that counsel's failure to learn of the purportedly new evidence sooner was not the result of a lack of diligence. *Id.* ("Garcia's counsel made a conscious decision to go to trial using the evidence they

2

had available. Counsel's work log further indicates that counsel did not inquire about the billing codes on Garcia's call records until more than two months after the jury had entered its guilty verdict. . . . Defense counsel did not do anything before or during trial to secure the post-judgment evidence upon which Garcia's motion for new trial is premised. Rule 33 does not give counsel a second opportunity to rectify a faulty trial strategy. As such, Garcia's motion for new trial was properly denied.").

Defendant's reference to the "recent denials of [Defendant's] multiple motions to authorize subpoenas of the electronic data that the source spreadsheets were based upon" is similarly unavailing. At bottom, Defendant's argument is that these "recent denials" indicate that the Court would likely not have granted subpoenas of the insurers' electronic data before trial *if trial counsel had moved for those subpoenas*. However, this does not change the key fact that Defendant's trial counsel *never moved for any such subpoenas*, which weighs heavily against finding that Defendant's failure to learn of the purportedly new evidence until now "'was not due to a lack of diligence.'" *Davis*, 960 F.2d at 825 (quoting *Walgren*, 885 F.2d at 1428).

Further, and in any event, Judge Cousins's "recent denials of [Defendant's] multiple motions to authorize subpoenas" are in no way indicative of whether subpoenas of the insurers' electronic data would have been granted before trial. Defendant's recent subpoena applications were denied because her proposed subpoenas were "impermissibly vague and overly broad," ECF No. 448 at 2, such that they would not have allowed the recipients to "reasonably assess what information is being sought." ECF No. 455 at 2. Indeed, Defendant's proposed subpoenas contained requests for production that were unintelligible, *see* ECF No. 453 at 4, and Defendant's application provided no further explanation of those requests. *See id.* Thus, Judge Cousins's denials of Defendant's recent subpoena applications are plainly *not* indicative of whether adequately tailored and comprehensible subpoenas of the insurers' electronic data would have been granted before trial.

Further, the Court notes that even if the Court were to construe Defendant's second motion for new trial as a motion for reconsideration of the Court's order denying Defendant's first motion

3

1  for new trial, the Court would deny Defendant's motion for the same reason. Specifically, any
2  such motion for reconsideration would be meritless in the instant case because, as the Court
3  discussed above, Defendant has fallen well short of demonstrating that her failure to discover the
4  purportedly new evidence on which her motion is based was *not* due to a lack of diligence. *See*
5  *United States v. French*, 380 F. App'x 602, 603 (9th Cir. 2010) (affirming the denial of a motion
6  for reconsideration of an order denying a motion for new trial because the motion for
7  reconsideration was based on evidence that the defendant "could have discovered with due
8  diligence"); *United States v. Wilkes*, 2011 WL 1527970, at *1 (S.D. Cal. Apr. 20, 2011) (stating
9  that a defendant seeking reconsideration of an order denying his motion for new trial based on
10 newly discovered evidence must demonstrate that the "newly discovered evidence . . . could not
11 have been discovered in time to move for a new trial" "with reasonable diligence" (quoting Fed.
12 R. Civ. P. 60(b))).
13      Accordingly, Defendant's second motion for new trial (ECF No. 513) is DENIED.
14      Defendant also joined in her co-defendant Gregory Belcher's second motion for new trial,
15 ECF No. 513, but the Court denied Belcher's second motion for new trial for lack of jurisdiction.
16 ECF No. 517 at 1 ("The Court entered judgment as to Defendant Belcher on April 6, 2018. ECF
17 No. 406. Then, on April 13, 2018, Defendant Belcher filed a notice of appeal. ECF No. 413.
18 Specifically, Defendant Belcher appealed his conviction and sentence. *See id*. As a result, the
19 Court lacks jurisdiction over Defendant Belcher's second motion for new trial that was filed on
20 July 24, 2018. ECF No. 490."). Thus, Defendant's motion to join Belcher's second motion for
21 new trial is DENIED as moot.
22 **IT IS SO ORDERED.**
23 Dated: August 27, 2018

_____
LUCY H. KOH
United States District Judge

4

Case No. 16-CR-00211-LHK-1
ORDER DENYING DEFENDANT GANESH'S SECOND MOTION FOR NEW TRIAL