# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

Docket No. 18- 170388

USDC Case 5:16-cr-211 LHK (ND Ca)

VILASINI GANESH, MD,

Defendant - Petititoner,

v.

USDC JUDGE LUCY H. KOH
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION,

Respondent,

_____

United States of America,

Real Party in Interest,

## EMERGENCY PETITION FOR WRIT OF MANDAMUS/WRIT OF PROHIBITION

Filed by Vilasini Ganesh, MD, in proper person
GaneshMD@icloud.com
22000 Dorsey Way
Saratoga, CA  95070
(408) 316-3750

1

I, VILASINI GANESH, am a defendant in the United States District Court, Northern District of California in case number 5:16-cr-211 LHK, <u>United States v. Ganesh, et al</u>.  I seek an emergency order staying my sentencing hearing which is scheduled for 10:00 a.m. this morning because I am being forced to proceed without my retained counsel of my choice in violation of my Sixth Amendment right to counsel.  I seek a writ of mandamus and/or prohibition against the district court who is forcing me to proceed without my retained counsel of choice.

I am forced to file this petition on the morning of my sentencing because the district court entered an order "striking" my appeal of the magistrate order refusing to permit my retained counsel of choice to represent me.  The district court struck my appeal of the magistrate order yesterday at approximately 3:20 p.m. because "only my attorney can file things and I cannot file things pro se."  My CJA lawyer did not tell me about the order striking my appeal, I had to learn about it from other people.  This is my first opportunity to file this writ and I did not have time to call the day before to alert this court to the emergency filing.

### <u>Reasons Why the Writ Should Issue</u>

To issue a writ of mandamus this Court considers the factors set forth in <u>Bauman v. U.S. District Court</u>, 557 F.2d 650 (9th Cir. 1977).  Those factors are: (1) whether the party seeking the writ has no other means, such as direct appeal, of attaining the desired relief, (2) the petitioner will be damaged in a way not

2

correctable on appeal, (3) the district court's order is clearly erroneous as a matter of law, (4) the order is an oft-repeated error, or manifests a persistent disregard of the federal rules, and (5) the order raises new and important problems or issues of law or first impression.   See also Cole v. United States District Court, 366 F.3d 813, 816-17 (9th Cir. 2004).

As to the first two factors, I am being forced to proceed to sentencing following an eight week jury trial in a complex health care insurance fraud case without the effective assistance of counsel regarding the sentencing factors (loss amounts) applicable to my case.   I was represented at trial by Daniel Horowitz, who was initially retained, and then appointed as CJA counsel.  He did a horrible job at trial and I asked him to withdraw.  CJA attorney Whelan was appointed to represent me for sentencing.  He refuses to do anything other than my sentencing, even though there were legitimate issues related to a motion for new trial based on newly discovered evidence that should have been addressed.  Additionally, he only met with me on one occasion (for 45 minutes) since he was appointed in April. My sentencing is scheduled for tomorrow and he does not understand the evidence that the government presented at trial is not relevant and is inaccurate and actually false.  I have asked him to withdraw on numerous occasions and he refuses to file a motion to withdraw.   Finally, he requested funding for an expert to assist him in analyzing the loss amounts and the court denied most of his funding requests, but

3

he refuses to make a record of that so that I can preserve my Sixth Amendment issues.   These issues cannot be addressed on direct appeal and I have no other way of obtaining the effective assistance of counsel at sentencing.   Sentencing is a critical phase in any criminal proceeding.

My family scraped together funds to be able to hire counsel to handle my sentencing and issues related to my sentencing and those lawyers, Mark Schamel and Pascal Naples entered their appearance in early August.   The magistrate court scheduled a hearing on the Motion to Substitute Counsel for August 13, 2018.   On that date the magistrate judge held an hours long hearing where even Mr. Whelan agreed that there had been a breakdown in communication and I would be better served by counsel of my choice.   Counsel of my choice had already been admitted pro hac vice (they have a local office in the Northern District of California) and they both stated that they were available for my sentencing hearing on August 28, 2018. The substitution would not have caused any delay.   Having my sentencing hearing with ineffective assistance of counsel is not correctable on direct appeal, particularly because Mr. Whelan refuses to file my requests to withdraw, his lack of funding requests and his lack of filing documents that I have repeatedly asked him to file because they are exculpatory and relevant toward my loss amount.   I have no other means for relief than to seek an extraordinary remedy via a petition for writ of mandamus and/or prohibition.

4

As to the third factor, it is clear legal error to deny a defendant the right to retained counsel of their choice absent a "compelling purpose" that justifies abridging a defendant's right to Sixth Amendment retained counsel of their choice. See United States v. D'Amore, 56 F.3d 1202, 1204 (9th Cir. 1995), citing to United States v. Lillie, 989 F.2d 1054, 1055-56 (9th Cir. 1993).  In United States v. Lillie, this court held that "the Sixth Amendment may be abridged to serve some 'compelling purpose,'" including "prohibiting representations that involve a conflict of interest, or an ethically unfit lawyer."'  There is no conflict issue here, there was no request to postpone my sentencing by virtue of the proposed substitution filed in early August and there is no issue with ethical fitness.  Both lawyers were admitted pro hac vice.   The magistrate held a lengthy hearing, but found no compelling purpose. He did not state any reason.  And there was no written order that was filed, so there was nothing for my attorneys to appeal to the district court.

Furthermore, following that hearing with the magistrate on August 13, 2018, the court clerk removed my retained attorneys of choice from the CM/ECF filing system so they are unable to file anything.   They then assisted me in preparing a pro se filing to file manually asking the district court to reconsider the magistrate court's ruling.  I manually filed the request for the district court to reconsider the magistrate court's ruling on August 27, 2018.  See Exhibit 1.  At approximately

5

3:20 p.m. on August 27, 2018, the district court entered an order "striking" my filing because I filed it in proper person. The order states:

> On August 28, 2018 (wrong date), defendant filed a pro se Motion for Relief from Non-Dispositive Order pursuant to Federal Criminal Rule 59(a). Defendant has been cautioned against filing pro se motions while she is represented by counsel.  At present, defendant is represented by Wm Michael Whelan, Jr.  Accordingly, defendant's Motion for Relief from Non-Dispositive Order, ECF o. 523 is hereby ordered STRICKEN, and the matters set forth therein are referred to Mr. Whelan for such action, if any, as he may deem appropriate.

See Exhibit 2.

This order was entered late today and Mr. Whelan never told me about it, I had to learn from someone else, this evening.  Mr. Whelan has never offered to appeal or object to the magistrate's order on my behalf.  He says that his only job is to do my sentencing hearing.  The court struck my filing from the record, it appears so that there will be no record of the violations of my Sixth Amendment rights.

Thus, not only is there clear error regarding my Sixth Amendment rights, I cannot even obtain a district court ruling on the magistrate's order to seek redress with this Court.  The district court will not allow me to file anything pro se and my lawyer will not file anything, he did not even tell me that Judge Koh struck my pro se filing.  My only recourse is to seek extraordinary relief from this court.  I believe this meets the fourth criteria, a persistent disregard of the federal rules.  I

should be able to file documents that protect my constitutional rights since my appointed CJA lawyer refuses to do so.

I do not think that the fifth factor is relevant to my case.

I am preparing this emergency writ on the evening of August 27, 2018.  My brother is going to file it manually at the Clerk's Office tomorrow morning because my sentencing hearing is at 10:00 a.m.  I am asking that this Court issue an emergency writ directing the district court to stay my sentencing hearing and ordering further briefing on my Sixth Amendment right to retained counsel of my choice.

I will email a copy of this writ to Mr. Whelan at 8:00 a.m. on August 28, 2018 and I will ask him to provide a copy to the government. I will bring a copy to the District Court in the morning for delivery prior to my sentencing hearing.

I have had some assistance of counsel in preparing this document, but this is all I have time to provide given the timing of Judge Koh's order "striking" my document late this afternoon.

In conclusion, I respectfully request that this court issue a writ staying my sentencing hearing and directing the respondent to respond to this petition for writ of mandamus and/or prohibition.   My sentencing hearing is scheduled for 10:00 a.m. in San Jose.  I was convicted on various counts of false statements and health

7

care fraud and acquitted on several other counts, including various conspiracy counts. The loss amount is very important to the court's determination of my sentence and I should not be forced to proceed to sentencing with ineffective counsel, particularly when I have retained the counsel of my choice. This issue cannot be addressed or remedied on direct appeal.

Respectfully submitted,

Vilasini Ganesh, MD
22000 Dorsey Way
Saratoga, CA  95070
Tel.  408-316-3750

## CERTIFICATE OF SERVICE

The following persons will be served as indicated prior to 9:30 a.m. on August 28, 2018:

Mr. Whelan, via direct email

USA, via request that Mr. Whelan forward a copy to them

The Honorable Lucy H. Koh, via hand delivery, United States District Court, San Jose

Mark Schamel and Pascal Naples, via direct email

Vilasini Ganesh

8

EX 1

*[handwritten: FRCrP Rule 59(a)]*
*[handwritten: Motion for relief from non-dispositive motion]*
*[stamp: RECEIVED AUG 27 2018]*
*[stamp: FILED AUG 27 2018 CLERK, SUSAN Y. SOONG NORTHERN U.S. DISTRICT COURT DISTRICT OF CALIFORNIA SAN JOSE]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 16-0211-LHK |
| Plaintiff, | **APPEAL FROM MAGISTRATE JUDGE'S ORDER DENYING SUBSTITUTION OF COUNSEL** |
| v. | |
| VILASNI GANESH, et al. | |
| Defendant. | |

Pursuant to Federal Rule of Criminal Procedure 59(a), Defendant Vilasni Ganesh ("Dr. Ganesh")[1] notifies this Court and all parties to this action of this Appeal from the Magistrate Judge's Order Denying Dr. Ganesh's Motion to Substitute Counsel (ECF No. 508). In support thereof, Dr. Ganesh states as follows.

**BACKGROUND**

On May 19, 2016, a grand jury indicted Dr. Ganesh on charges of conspiracy to commit health care fraud, health care fraud, false statements relating to health care matters, conspiracy to commit money laundering, and money laundering. *See generally* Indictment (ECF No. 1).

On May 24, 2016, Graham Archer, a public defender, appeared by appointment, for Dr. Ganesh, at her initial bond hearing. *See* Minute Entry (ECF No. 4). Shortly thereafter, Dr. Ganesh retained Daniel Horowitz to represent her in these proceedings. *See* Minute Entry (ECF No. 14).

On July 13, 2017, a grand jury issued a superseding indictment against Dr. Ganesh, again on charges of conspiracy to commit health care fraud, health care fraud, false statements relating to

---

[1] While some courts refuse to consider *pro se* filings from parties represented by counsel, courts understandably do consider such filings when unique to issues involving representation. *See, e.g.*, *Vieira v. Chappell*, No. 1:05-cv-01492 AWI, 2012 WL 1911370, at *3 (E.D. Cal. May 25, 2012) (citing Local Rule 191(d)). At least one federal court has recently considered a *pro se* appeal in this exact procedural posture. *See United States v. Kuhnel*, Crim. No. 17-158 (JRT/BRT), 2018 2975998, at *1 (D. Minn. June 12, 2018) (considering *pro se* appeal of magistrate judge's order denying motion to substitute counsel).

- 1 -

health care matters, conspiracy to commit money laundering, and money laundering. *See generally* Superseding Indictment (ECF No. 52).

Between October and December, 2017, the Court held a 15-day jury trial on the charges in the superseding indictment. *See* Minute Entries (ECF Nos. 191-92, 196-97, 202-03, 213, 215, 225, 228, 232, 257, 276, 288, 296). Ultimately, the jury acquitted Dr. Ganesh on the single counts of conspiracy to commit health care fraud and conspiracy to commit money laundering, and multiple money laundering counts, but convicted her on five counts of health care fraud and five counts of false statements relating to health care matters. *See generally* Jury Verdict (ECF No. 300).

Five days after the verdict, on December 19, 2017, Mr. Horowitz moved to withdraw as attorney, noting that Dr. Ganesh had asked him to withdraw and that Dr. Ganesh had retained another attorney to represent her in the proceedings. *See* Mot. Withdraw at 2 (ECF No. 303); Decl. Supp. Mot. Withdraw. On January 9, 2018, the Court granted Mr. Horowitz's motion to withdraw. *See generally* Order Granting Mot. Withdraw (ECF No. 323). Ted Cassman then entered his appearance for Dr. Ganesh. Notice of Appearance at 1 (ECF No. 321).

On March 29, 2018, on the advice and with the assistance of separate counsel uninvolved in these proceedings, *see* Ex. 1 at ¶ 3 (Attached Declaration of Dr. Ganesh) ("Ex. 1"), Dr. Ganesh filed a declaration alleging that Mr. Horowitz had provided ineffective assistance in these proceedings. *See generally* First Decl. of Dr. Ganesh (ECF No. 388).

Three days later, on April 2, 2018, Mr. Cassman moved to withdraw as counsel, noting that the declaration had been filed without his consent and that her consultation with another attorney created an irreconcilable conflict of interest. *See generally* Mot. Withdraw (ECF No. 389). On April 3, 2018, over Dr. Ganesh's objection, *see* Ex. 1 at ¶ 4, the Court granted Mr. Cassman's motion to withdraw. *See* Minute Entry (ECF No. 397). On April 6, 2018, the Court appointed Wm Michael Whelan, Jr. to represent Dr. Ganesh. *See* Minute Entry (ECF No. 408).

On July 25, 2018, Dr. Ganesh was hospitalized for severe, panic-induced menstrual bleeding. *See* Ex. 1 at ¶ 10. As a result, she could not appear for sentencing. *See id.*; *see also* Minute Entry (ECF No. 492). The Court reset her sentencing for August 28, 2018. *See id.*

On August 9, 2018, Dr. Ganesh filed a notice seeking to substitute S.H. Michael Kim ("Mr. Kim"), Mark E. Schamel ("Mr. Schamel"), and Pascal F. Naples ("Mr. Naples"), of Womble Bond Dickinson (US) LLP, as counsel of record for Wm. Michael Whelan, Jr., Esq. ("Mr. Whelan"), with the consent of Mr. Whelan. *See generally* Notice Subst. Attorney (ECF No. 502); Mots. Appear *Pro Hac Vice* (ECF Nos. 503-04). On the following day, Friday, August 10, 2018, the Court set the substitution of counsel issue for a hearing on Monday, August 13, 2018. Clerk's Notice Setting Hr'g (ECF No. 507).

At the hearing, Mr. Naples argued in favor of substitution on Dr. Ganesh's behalf. *See* PDF with Attached Audio File at 22:00-26:00 (ECF No. 509). First, Mr. Naples argued, although the record indicated that this would be the fourth occasion in which Dr. Ganesh switched counsel, the details surrounding each switch actually demonstrated an ordinary course of events. *See id.* at 22:00-24:30. Initially, Dr. Ganesh was represented by a public defender until, shortly after the initial indictment, she retained private counsel, which is not at all unusual. *See id.* Then, after losing at trial, Dr. Ganesh replaced counsel, which (again) is not at all unusual. *See id.* Although Dr. Ganesh then switched from Mr. Cassman to Mr. Whelan, she could hardly be blamed for this substitution when she objected to it. *See id.* Finally, given that Mr. Whelan was appointed, it was only a matter of time before Dr. Ganesh found and retained counsel of her choice. *See id.* Second, Mr. Naples pointed out, given Dr. Ganesh's stress-induced medical condition, it was not surprising that she was unable to appear at sentencing, which was scheduled to occur one day after she was deposed in civil litigation. *See id.* at 24:30-26:00.

Mr. Whelan, Mr. Schamel, Mr. Naples, and Mr. Kim then proceeded to discuss a series of issues with the Magistrate Judge off the record. *See id.* at 26:00-28:30. Of note, Mr. Schamel

and Mr. Naples agreed that they would proceed with sentencing whenever the Court ordered Dr.

Ganesh to appear for sentencing; however, they would not agree to waive their right to seek a

continuance if they, in consultatation with Dr. Ganesh, felt that it was appropriate to do so. *See* Ex.

1 at ¶ 11. Notably, Mr. Whelan would not agree to provide Womble Bond Dickinson (US) LLP

with a copy of Dr. Ganesh's case-file prior to a grant of substitution; and thus, Mr. Schamel and Mr.

Naples could review only publicly available documents prior to the hearing. *See id.* Mr. Schamel

and Mr. Naples also noted that Mr. Whelan and Dr. Ganesh's relationship had suffered from poor

communication. *See id.* Mr. Whelan agreed that he and Dr. Ganesh had experienced issues in

communicating. *See id.* Dr. Ganesh then spoke, imploring the Court to grant her requested

substitution. *See id.*

The Magistrate Judge denied Dr. Ganesh's request to substitute counsel. *See* Minute Entry

(ECF No. 508). The Magistrate Judge first observed that three Supreme Court cases largely

governed this dispute: *Wheat v. United States*, 486 U.S. 153 (1988); *Morris v. Slappy*, 461 U.S. 1

(1983); and *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006). *See* PDF with Attached Audio

File at 1:10-2:15 (ECF No. 510). Then, the Magistrate Judge emphasized that Dr. Ganesh's "track

record" before the Court, in previously switching counsel, weighed against granting her request.

*See id.* at 3:15-5:00. The Magistrate Judge also noted that there was "no reasonable way" that Mr.

Kim, Mr. Schamel, and Mr. Naples could prepare for resentencing in accordance with the Court's

current schedule, and that the substitution would "naturally lead to an extension." *See id.* at 5:00-

5:40. The Magistrate Judge held that Dr. Ganesh would not suffer any prejudice with current

counsel and that further delay would complicate these proceedings and complicate unspecified civil

proceedings. *See id.* at 5:40-8:00. Finally, although recognizing that the "demands of the court's

calendar" were the "least significant" factor in weighing Dr. Ganesh's right to counsel, the Magistrate Judge stated, those too weighed against granting substitution. *See id.* at 8:00-8:43.[2]

## STANDARD OF REVIEW

This Court "must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a).

## ARGUMENT

Criminal defendants have a "constitutional right to hire counsel of their choice." *United States v. D'Amore*, 56 F.3d 1202, 1204 (9th Cir. 1995), *overruled on other grounds by United States v. Garrett*, 179 F.3d 1143, 1145 (9th Cir. 1999). That right may be abridged only to serve a "**compelling** purpose." *United States v. Lillie*, 989 F.2d 1054, 1055–56 (9th Cir. 1993)) (emphasis added), *overruled on other grounds by Garrett*, 179 F.3d at 1145. "Absent such a compelling purpose, . . . it is a violation of the Sixth Amendment to deny a motion to substitute counsel and an error that must be reversed, regardless of whether prejudice results." *D'Amore*, 56 F.3d at 1204.

A "compelling purpose" may exist "when granting the motion would lead to a delay in the proceedings and the Government's interest in the prompt and efficient administration of justice outweighs the defendant's need for new counsel to adequately defend himself." *Id.* That said, "the defendant can't be denied his choice of retained counsel just because the request comes late, or the court thinks current counsel is doing an adequate job." *Lillie*, 989 F.2d at 1056.

The Magistrate Judge's decision that such a compelling purpose existed in this case is contrary to law. The decision (1) underestimates the need for Dr. Ganesh to obtain new counsel in order to adequately defend herself at sentencing, (2) ignores nuances underlying Dr. Ganesh's

---

[2] At various points throughout the hearing, both the Government and Magistrate Judge raised questions about Dr. Ganesh's financial ability to retain private counsel, as Dr. Ganesh is currently represented by court-appointed counsel. *See generally* PDFs with Attached Audio Files (ECF Nos. 509-510). On that issue: Dr. Ganesh's prior financial representations to the Court remain accurate, and with respect to both Mr. Cassman and Womble Bond Dickinson, Dr. Ganesh has been able to retain private counsel through the generosity of loans from family members and friends. *See* Ex. 1 at ¶ 13.

history of representation, (3) overstates the need for expediency in sentencing, and (4) overrelies on inapposite Supreme Court precedent.

First, "[e]ven if present counsel is competent, a serious breakdown in communications can result in an inadequate defense." *United States v. Nguyen*, 262 F.3d 998, 1003 (9th Cir. 2001). Relatedly, if a defendant is "'forced'" to proceed "'with the assistance of a particular lawyer with whom he is dissatisfied, with whom he will not cooperate, and with whom he will not, in any manner whatsoever, communicate,'" he is "denied his Sixth Amendment right to counsel[.]" *Id.* at 1003-04 (quoting *Brown v. Craven*, 424 F.2d 1166, 1169 (9th Cir. 1970)). In short, "a court may not deny a substitution motion simply because it thinks current counsel's representation is adequate." *D'Amore*, 56 F.3d at 1206.

Between April 6, 2018 and the present, Mr. Whelan and Dr. Ganesh have not communicated by telephone and have only communicated (prior to the hearing on substitution) in-person, on one occasion, for one hour, on June 20, 2018. *See* Ex. 1 at ¶ 7. On at least three occasions, once on July 13, 2018, and twice on July 15, 2018, Dr. Ganesh requested that Mr. Whelan withdraw as counsel of record. *See id.* at ¶¶ 8-10. Although Dr. Ganesh has repeatedly emailed Mr. Whelan her thoughts about her case, Dr. Ganesh and Mr. Whelan have not engaged in a sufficient back-and-forth about sentencing strategy to provide Dr. Ganesh constitutionally sufficient representation at sentencing. *See id.* at ¶ 7.

This communication breakdown necessitates substitution. Dr. Ganesh is dissatisfied with Mr. Whelan's representation, and has hardly received any correspondence from him even though she has repeatedly attempted to do so and sentencing is set to occur in one day. In simply recognizing that Mr. Whelan was competent, the Magistrate Judge's decision neglected to consider the extent to which the communication issues described off the record would result in prejudice. As the Ninth Circuit explained in *Nguyen*, in the course of holding that the trial court abused its discretion in denying a reasonable countinuance for a substitute counsel to prepare for trial, the

"issue in this case is the attorney-client relationship and not the comfort of the court or the competency of the attorney." 262 F.3d at 1004.[3]

Furthermore, the Magistrate Judge's decision neglects nuances underlying the nature of Dr. Ganesh's prior substitutions of counsel. Dr. Ganesh reiterates what was argued at the hearing on substitution: (1) it is the norm to switch from a public defender to retain counsel at the beginning of a case,[4] (2) it is not unusual to switch from trial counsel to post-conviction counsel when a defendant loses at trial, (3) a defendant should not be blamed for substituting counsel when the defendant opposes that substitution, and (4) it is readily understandable that a defendant would want to replace court-appointed counsel with counsel of her choice. In short, this would only be the second (after Dr. Ganesh's post-trial shift from Mr. Horowitz to Mr. Cassman), meaningful shift in counsel of her choice. This "track record" does not justify denying a criminal defendant the right to counsel of her choice.

Third, the Ninth Circuit has "criticized" a trial court approach that is "'above all to be determined not to disturb the court's trial schedule.'" *Nguyen*, 262 F.3d at 1003 (quoting *United States v. Moore*, 159 F.3d 1154, 1160 (9th Cir. 1998). Indeed, "an 'unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel.'" *Id.* (quoting *Slappy*, 461 U.S. at 11-12).

Here, that insistence is manifest. At the outset, it is worth noting that Mr. Schamel and Mr. Naples represented that they would appear if the Court ordered sentencing for August 28; however,

---

[3] Though the Magistrate Judge's decision intimates that there is no allegation of a conflict as to counsel attempting to substitute into this case, Dr. Ganesh hereby asserts that this communication breakdown with current counsel amounts to a conflict constituting a constructive denial of the right to conflict-free counsel. *Accord Daniels v. Woodford*, 428 F.3d 1181, 1197 (9th Cir. 2005) ("[W]here a court 'compels one charged with a grievous crime to undergo a trial with the assistance of an attorney with whom he has become embroiled in an irreconcilable conflict it deprives him of the effective representation of counsel whatsoever.'" (quoting *Brown*, 424 F.2d at 1170)).

[4] In fact, it would be exceptional if Dr. Ganesh knew who she was planning to retain before the issuance of the criminal indictment.

they simply would not agree to waive, preemptively, Dr. Ganesh's right to seek a continuance. But even if substitution did necessitate a continuance, the harms occasioned by a continuance for sentencing does not justify forcing a defendant to proceed at sentencing without counsel of her choice. The harms articulated in the decision are de minimis and speculative: the Magistrate Judge observed that delay might impact unspecified civil proceedings and her codefendant's case, but provided no further detail. While the Magistrate Judge emphasized that the concern for the Court's calendar was the "least significant" factor underlying the decision, *see* PDF With Attached Audio File at 8:00-8:43, it is in fact the only concern that is readily discernible, and it does not suffice to justify denying Dr. Ganesh her constitutional right to counsel of her choice.

Fourth and finally: the Magistrate Judge emphasized the role that the Supreme Court trio of *Wheat*, *Slappy*, and *Gonzalez-Lopez* played in shaping his decision.

In *Wheat*, the Court held that a trial court did not infringe upon a defendant's right to counsel of his choice because of a potential conflict of interest arising out of counsel's representation of three codefendants in a "complex drug distribution scheme." 486 U.S. at 163-64. Though the Supreme Court noted that the motion for substitution of counsel was "made so close to the time of trial," the Court only did so in order to emphasize that the trial court had little time to assess whether an actual conflict of interest existed. *Id.* at 163. Where, as the Magistrate Judge acknowledged, none of the parties alleged that counsel seeking substitution posed any actual or potential conflict of interest, *Wheat* offers this Court little guidance in reaching its decision.

In *Slappy*, the Supreme Court held that a trial court was justified in denying a motion for continuance in the midst of the **third day of trial** so as to permit his previous court-appointed attorney to represent him. 461 U.S. at 12-13. Of note, the defendant "specifically disavowed any dissatisfaction with counsel; he informed the court on the first day of trial that he was 'satisfied'" with counsel. *Id.* at 13. Here, by contrast, Dr. Ganesh expressed her dissatisfaction with Mr. Whelan's representation, and Dr. Ganesh made the motion two weeks before sentencing.

In *Gonzalez-Lopez*, the Supreme Court held that a violation of a defendant's Sixth Amendment right to counsel of choice is not subject to harmless-error analysis. 548 U.S. at 152. Though the Court recognized "a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar," it only did so in dicta. 548 U.S. at 151-52. In actuality, the Supreme Court's holding emphasizes the very issue at the heart of this appeal: the deprivation of one's choice of counsel is "structural error" that cannot be remedied, no matter how effective the ultimate representation. 548 U.S. at 150; *see id.* at 152 (Alito, J., dissenting) ("I disagree with the Court's **conclusion** that a criminal conviction must automatically be reversed whenever a trial court . . . prevents a defendant from being represented at trial by the defendant's first-choice attorney."). At bottom, the Magistrate Judge overrelied on Justice Alito's dissent in *Gonzalez-Lopez*, balancing Dr. Ganesh's right to choice of counsel against her current counsel's effectiveness, which is the exact opposite of what the controlling opinion in *Gonzalez-Lopez* instructs courts to do.

**CONCLUSION**

In the face of the aforementioned breakdown in attorney-client communication, the understandable reasons that Dr. Ganesh is now seeking to substitute counsel for a fourth time, and the limited extent to which delay would cause any great unfairness, there is no "compelling purpose" to deny Dr. Ganesh the right to counsel of her choice. Accordingly, this Court should vacate the Magistrate Judge's decision and enter an ordering granting Dr. Ganesh the right to substitute counsel.

Coincident with that order, and in light of the communication breakdown between Dr. Ganesh and Mr. Whelan throughout the course of the sentencing proceedings, this Court should also postpone the sentencing proceedings for a minimum of two months, so as to permit counsel sufficient time to prepare new sentencing memoranda consistent with Dr. Ganesh's position.[5]

To the extent that the Court determines that a hearing is required on the instant appeal, Dr. Ganesh respectfully requests that the Court allow Womble Bond Dickinson (US) LLP to appear on Dr. Ganesh's behalf.

Dated:         August 27, 2018                  Respectfully submitted,

Dr. Vilasni Ganesh

---

[5] This extension request should not factor into this Court's decision as to whether the Magistrate Judge acted contrary to law in denying Dr. Ganesh the right to substitute counsel. Dr. Ganesh is entitled to the time permitted by the Federal Rules of Criminal Procedure to prepare her appeal from the Magistrate Judge's order, and should not be forced to sacrifice her right to that time and submit a hurried appeal simply because doing so may impact the merits of her current appeal.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>VILASNI GANESH, et al.<br><br>Defendant. | No. CR 16-0211 LHK<br><br>**EXHIBIT 1:  DECLARATION OF DR. VILASNI GANESH** |

1.      I, Dr. Vilasni Ganesh, am over 18 years of age, am under no legal disability, make this declaration pursuant to 27 U.S.C. § 1746, have personal knowledge of the facts set forth herein, and have investigated and verified the accuracy of any other fact set forth herein.

2.      I am a defendant in the above-captioned litigation.

3.      On March 29, 2018, on the advice and with the assistance of separate counsel uninvolved in these proceedings, I filed a declaration alleging that Mr. Horowitz had provided ineffective assistance in these proceedings.

4.      On April 2, 2018, Mr. Cassman moved to withdraw as counsel of record, and I strongly objected and urged the Court to permit Mr. Cassman to continue to serve as my counsel in these proceedings.

5.      Between April 7, 2018, and August 12, 2018, I did not speak to my current attorney of record, Wm. Michael Whelan, Jr. ("Mr. Whelan"), via telephone, despite attempting to do so on numerous occasions.  Repeatedly, Mr. Whelan has stated, via email, that he is too busy with other trial commitments and other cases to speak with me about my case.

6.      Between April 7, 2018 and August 12, 2018, I met with Mr. Whelan, in-person, on only one occasion, for one-hour, to discuss my case.

7.      Between April 7, 2018, and the present, I have emailed Mr. Whelan on numerous occasions.  Though he has occasionally responded to my emails, we have not engaged in a

- 1 -

sufficient back-and-forth about sentencing strategy such that I feel my interests will be adequately represented at sentencing.  Indeed, Mr. Whelan has repeatedly refused to file documents on my behalf, including motions to withdraw as counsel and supplements to my motion for a new trial, despite written instructions to do so.

8.      On July 13, 2018, I asked Mr. Whelan to withdraw as my attorney of record to no effect.

9.      On July 15, 2018, I twice, in writing, reiterated my request that Mr. Whelan withdraw as my attorney of record to no effect.  I have since repeatedly requested that he withdraw as counsel to no effect.

10.     On July 25, 2018, I was hospitalized for severe, stress-induced menstrual bleeding, and therefore, could not appear for sentencing.  My hospitalization was not an effort to delay the sentencing proceedings.

11.     On August 13, 2018, I appeared before the Magistrate Judge in support of my request to substitute Sang Hui Michael Kim, Mark E. Schamel, and Pascal F. Naples as counsel of record for Mr. Whelan.  During the off-the-record portion of that hearing, the following occurred:

       a.      Mr. Schamel and/or Mr. Naples agreed that they would proceed with sentencing whenever the Court ordered that I appear for sentencing; however, they would not agree to waive my right to seek a continuance if they, in consultatation with me, felt that it was appropriate to do so.  Mr. Schamel and/or Mr. Naples further explained that Mr. Whelan refused to provide Womble Bond Dickinson (US) LLP with a copy of Dr. Ganesh's case-file until the Court had formally accepted the substitution of counsel.

       b.      Mr. Schamel and/or Mr. Naples noted that the relationship between me and Mr. Whelan had suffered from poor communication.

c.     Mr. Whelan agreed that he and I had experienced issues in communicating with each other.

d.     I personally requested that the Court substitute Mr. Schamel, Mr. Naples, and Mr. Kim for Mr. Whelan, given the issues in communication between me and Mr. Whelan.

12.     Presently, I do not believe that Mr. Whelan will adequately represent my interests at sentencing.

13.     My prior financial representations to the Court remain accurate. With respect to both Mr. Cassman and Womble Bond Dickinson (US) LLP, I have been able to retain private counsel through the generosity of loans from family members and friends.

14.     This declaration, and the accompanying appeal, were prepared with the assistance of Mr. Kim, Mr. Schamel, Mr. Naples, and Womble Bond Dickinson (US) LLP.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 27th day of August, 2018.

Dr. Vilasni Ganesh

EX 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

VILASINI GANESH,

Defendant.

Case No.16-CR-00211-LHK-1

**ORDER STRIKING IMPROPERLY FILED DOCUMENT**

Re: Dkt. No. 523

On August 28, 2018, defendant filed a pro se Motion for Relief from Non-Dispositive Order pursuant to Federal Criminal Rule 59(a). Defendant has been cautioned against filing pro se motions while she is represented by counsel. At present, defendant is represented by Wm Micheal Whelan, Jr. Accordingly, defendant's Motion for Relief from Non-Dispositive Order, ECF No. 523 is hereby ordered STRICKEN, and the matters set forth therein are referred to Mr. Whelan for such action, if any, as he may deem appropriate.

**IT IS SO ORDERED.**

Dated: 8/27/2018

_Lucy H. Koh_

LUCY H. KOH
United States District Judge