LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 007491
California Bar No. 207026
**Law Office of Lisa Rasmussen, P.C.**
601 South 10th Street, Suite #100
Las Vegas, NV 89101
Tel.   (702) 471-1436
Fax.   (702) 489-6619
Email: Lisa@LRasmussenLaw.com

Attorneys for Defendant Vilasini Ganesh

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VILASINI GANESH,<br><br>Defendant. | Case No.: 5:16-cr-211-LHK<br><br>**MOTION FOR RELEASE PENDING APPEAL** |

Vilasini Ganesh, by and through her counsel, Lisa A. Rasmussen, respectfully requests that this Court issue an order granting her release on appeal.  This Motion is made pursuant to 18 USC §3143(b) and is based upon the attached Memorandum of Points and Authorities and upon the papers and pleadings on file in this case.

Dated:   October 18, 2018.          **LAW OFFICE OF LISA RASMUSSEN,**

                                    */s/ Lisa A. Rasmussen*
                                    _____
                                    LISA A. RASMUSSEN, ESQ.
                                    Nevada Bar No. 007491
                                    California Bar No. 207026

610 South Tenth Street
Las Vegas, Nevada 89101
Telephone: 702-471-1436
Facsimile: 702-489-6619

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Release pending appeal is warranted in this case for two reasons. First, clear and convincing evidence exists that Dr. Ganesh is not likely to flee or pose any danger to the safety of any other person or the community if she is continued on release pursuant to 18 USC §3142(c). Second, the appeal is not made for the purpose of delay, but instead, it will raise a substantial question or law or fact likely to result in an order or a new trial or a reversal on appeal as that phrase is used in 18 USC §3143(b)(1) and <u>United States v. Handy</u>, 761 F.2d 1279 (9th Cir. 1985). For each of these reasons, Dr. Ganesh respectfully requests that this Court enter an order granting her Motion for Release Pending Appeal.

## II. PROCEDURAL HISTORY

Dr. Ganesh and her co-defendant husband were indicted on May 19, 2016. (ECF #1.) Dr. Ganesh was released pending trial, she remained at liberty following the jury verdict and she was permitted to self surrender following her sentencing hearing.

A superseding indictment was filed on July 13, 2017. (ECF #52.) The Superseding Indictment alleged a total of 24 counts, including health care fraud conspiracy, health care fraud, conspiracy to commit money laundering, money laundering and false statements relating to health care matters.

Trial in this case began on October 23, 2017 and concluded on December 14, 2017. Dr. Ganesh was convicted on counts 2 through 6 and Counts 11

through 15 and she was acquitted on all remaining counts, including the conspiracy count and the money laundering and money laundering conspiracy count.  (ECF #300.)

On August 28, 2018, Dr. Ganesh was sentenced to 63 months in the Bureau of Prisons and she was ordered to pay $344,916.20 in restitution. (ECF #532, filed on August 31, 2018.)  Dr. Ganesh filed a timely notice of appeal on September 5, 2018, 2018. (ECF #533.)  She was directed to self-surrender to her designated BOP facility on November 1, 2018.  This Motion follows.

### III.  LEGAL STANDARDS

18 USC §3143(b) is the governing statute.  Pursuant to that authority, release shall be ordered where clear and convincing evidence shows that the person is not likely to flee or pose a danger to society and the appeal raises a substantial question of law or fact likely to result in a reversal, new trial, or even a reduction in the sentence that would be entirely served in the time it will take to resolve this appeal. It also requires a finding that the appeal is not for the purpose of delay.  "if the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title."  18 USC §3143(b)(1); accord Fed.R.Crim.P 46(c)(explaining that eligibility for release pending appeal is governed by 18 USC §3143); see also F.R.A.P. 9(c) (expressly incorporating the provisions of 18 USC §3143).

### IV.  DR. GANESH DOES NOT PRESENT A FLIGHT RISK OR A DANGER TO THE COMMUNITY

Dr. Ganesh has strong ties to the community.  She has five children, including three minor children.  Her 73 year old mother lives in Fremont,

California as does her 49 year old brother. She is a naturalized citizen of the United Sates. She has lived in Santa Clara County since 2003 and she lives with her husband and co-defendant, Gregory Belcher, whose request for release pending appeal was granted by the Ninth Circuit Court of Appeals.

The presentence report noted that Dr. Ganesh complied with the conditions of pretrial release, that she was not viewed as a flight risk or a danger to the community and that she was considered a good candidate for self surrender. Indeed she came to this Court as a first time offender with no criminal history. She has no record of violence. She is not practicing medicine at this time (in fact her license is being revoked due to the conviction), she is in treatment for her bipolar disorder and she has never used drugs or alcohol. She does not present a danger to the community, nor is she a flight risk.

Accordingly, this Court should find that there is clear and convincing evidence that Dr. Ganesh is not a danger to the community or a flight risk.

## V. FAIRLY DEBATABLE QUESTIONS WHICH ARE OF THE TYPE THAT CAN RESULT IN REVERSAL WILL BE RAISED ON APPEAL

The more salient issue for this court to determine is whether the questions to be raised on appeal are fairly debatable. Some, but not all of the issues to be raised on appeal involve the following:

1. Whether the government's use of false source spreadsheets during the grand jury and trial violated Dr. Ganesh's due process rights and the right to a fair trial.
2. Whether this Court erred when it refused to entertain the Motion for New Trial filed by Dr. Belcher and Dr. Ganesh's joinder thereto.
3. Whether this Court erred by not permitting Dr. Ganesh to proceed to sentencing with her retained counsel of choice, in clear violation of

her Sixth Amendment Right to Counsel of her choice.

4. Whether this Court erred in its findings at the time of sentencing, including a 14 level upward adjustment based on the loss amount and an upward adjustment for obstruction of justice.

5. Whether this Court erred by failing to permit Ganesh's former attorney, Ted Cassman, leave of Court to supplement his Motion for New Trial filed on behalf of Ganesh.

6. Whether the loss calculations relied upon for sentencing were proper given Dr. Ganesh's acquittal on numerous counts of conviction.

This is clearly not an exhaustive list of issues to be raised on direct appeal. All of these issues are "fairly debatable."

## VI. THE SOURCE SPREADSHEETS ALLEGEDLY FILED BY DR. GANESH (IN DR. DEWEES'S NAME) WERE NOT FILED BY DR. GANESH—THEY WERE DR. DEWEESE'S CLAIMS

The government used thousands of claims at trial to argue that Dr. Ganesh submitted thousands of claims in the name of Dr. Dewees in order to defraud insurance companies and that this was evidence of her conspiracy to commit fraud. The claims the government used were in fact not submitted by Dr. Ganesh and they were instead submitted by Dr. Dewees, with his billing address and his tax ID number for his patients. There are in fact only a few of Dr. Dewees's patients that appear in Dr. Ganesh's Lytec database and the fact that they have a few patients in common is not at all odd because she purchased her medical practice from him.

The government has doubled down on this issue, and continues to reiterate various court rulings in its favor as evidence to the contrary. The problem is, this court has never heard this issue and this court declined to

hear it prior to Dr. Ganesh's sentencing hearing by rejecting her joinder to Dr. Belcher's Motion for New Trial filed on July 24, 2018, docket 490, incorporated here in by this reference.  Instead, this Court denied Dr. Belcher's Motion (which Dr. Ganesh had joined) under the premise that it lacked jurisdiction because he had already filed a notice of appeal. (Docket #513, 517, 524).  It similarly denied Dr. Ganesh's joinder, because it had denied Belcher's Motion due to his appellate status.  Id.

Earlier in the year, Ted Cassman, Dr. Ganesh's post-trial court appointed attorney tried to raise some of the problems related to the source spreadsheets in a supplement to Dr. Ganesh's Motion for New Trial and this Court refused to permit him leave to file the Supplement.  (Docket 378).  Although the government continues to assert there is no problem, it does so by pointing to this Court's orders regarding the spreadsheets. This Court has yet to entertain the issues raised by Cassman or Dr. Belcher in his July 2018 Motion for New Trial.  Thus, this is a substantial issue for the appeal and one that is fairly debatable.  The government used spreadsheets of another doctor as evidence of fraud committed by the defendants in this case.  Whether the government did this knowingly or accidentally is also a substantial issue.  The Ninth Circuit will be left to sort this out but it would not be surprising if the Circuit remanded it to this Court for an appropriate determination.

## VII. DR. GANESH'S SIXTH AMENDMENT RIGHT TO COUNSEL OF HER CHOICE WAS CLEARLY ABRIDGED IN THIS CASE—AND THERE WAS NO REASON FOR THE VIOLATION

Dr. Ganesh retained counsel prior to sentencing.  A proper substitution of counsel was filed on August 9, 2018. (Docket 502).  Her out of state counsel were granted permission to appear pro hac vice before this Court.  (Docket

505, 506). At a hearing on the substitution, both counsel indicated that they would be prepared for the August 28, 2018 sentencing hearing. Inexplicably, the substitution was denied. When Dr. Ganesh tried to file a request for reconsideration of that decision, her document was stricken because she filed it in proper person. (Docket 523, 525.)

Dr. Ganesh even filed a proper person emergency writ with the Ninth Circuit prior to her sentencing and this Court refused to permit her to have her counsel of choice appear with her at sentencing. The Ninth Circuit ultimately declined to act on the writ because this Court had already sentenced Dr. Ganesh. (Dockets 537, 538.)

The Ninth Circuit has made it clear that it is clear legal error to deny a defendant the right to retained counsel of her choice absent a "compelling purpose" that justifies abridging a defendant's Sixth Amendment right to retained counsel of their choice. United States v. D'Amore, 56 F.3d 1202, 1204 (9th cir. 1995), citing to United States v. Lillie, 989 F.2d 1054, 1055-56 (9th Cir. 1993). A compelling purpose is typically an ethically unfit lawyer (not a factor here), or a conflict of interest, also not an issue here. Furthermore, no party asked to have the sentencing date continued by virtue of the substitution of counsel so there was absolutely no basis to deny this request. It is clear legal error. Could not be more clear.

Dr. Ganesh's appointed counsel asked to withdraw on the day of sentencing. That request was denied. This is also error because there was no basis to deny the request given that Dr. Ganesh had retained counsel to represent her at sentencing.

. . .

. . .

. . .

. . .

## VIII. THE ISSUES RAISED AT SENTENCING ARE ISSUES RELATED TO THE UNRESOLVED (AND UNHEARD) SOURCE SPREADSHEETS ERRORS AS WELL AS THE APPLICABILITY OF OTHER ENHANCEMENTS REQUESTED BY THE GOVERNMENT

The source spreadsheets are a substantial issue not only because they impact Dr. Ganesh's constitutional rights to due process and to a fair trial, but because they also impact the loss determinations at sentencing. Sentencing a defendant based on fraudulent data presented to a jury also infringes on a defendant's Eight Amendment right to a reliable sentence. This is an issue that will be raised on direct appeal and it potentially impacts the length of Dr. Ganesh's sentence as determined by this Court.

## IX. RELEASE SHOULD BE GRANTED EVEN IF THIS COURT DOES NOT BELIEVE IT ERRED

Appellate courts recognize that trial courts are placed in an awkward position when forced to render an opinion on the strength of that tribunal's own rulings. Therefore, most decisions have uniformly rejected an interpretation of 18 USC §3143 that requires a subjective ruling by the court as to whether or not its own ruling was erroneous. *See* United States v. Bilanzich, 771 F.2d 292, 298-99 (7th Cir. 1985)(rejecting an interpretation of the statute that requires the decision-making body to determine whether or not its own ruling was in error). *See also* United States v. Handy, 761 F.2d 1279, 1281 (9th Cir. 1985)("requiring the defendant to demonstrate to the district court that its ruling is likely to result in reversal is tantamount to requiring the district court to believe its ruling is erroneous," this approach should be rejected since it would render the requirement that the motion be brought at the lower court level nonsensical.) Consequently, the standard

applied by the Ninth Circuit is whether the issue on appeal is one that is "fairly debatable." Handy, 761 F.2d at 1283.

## X. RELEASE SHOULD BE GRANTED EVEN IF THIS COURT DOES NOT BELIEVE RELIEF WILL BE GRANTED IN THE CIRCUIT

A "substantial question" is one that is fairly debatable or fairly doubtful; it is one of more substance than would be necessary to a finding that it was not frivolous." Handy, 761 F.2d at 1283. Once the lack of frivolousness is shown, the defendant need not demonstrate that he will probably prevail on appeal. That is the argument by the government that was rejected in Handy. Rather, the term "substantial" defines the level of merit required in the question presented and the phrase "likely to result in reversal or in an order for a new trial defines the *type* of question that must be presented. Id. at 1280, emphasis in original.

## CONCLUSION

The Bail Reform Act builds in a process so that a defendant who is not a flight risk or a danger may litigate legal issues on appeal without being punished before they are decided. This case is the kind of case contemplated by the statute. Dr. Ganesh presents no danger to the community, she is not likely to flee, the appeal will raise substantial issues that are fairly debatable and the appeal is not brought for the purpose of delay. The collateral consequences of Dr. Ganesh's conviction are devastating to her career, even without a term of custody.

. . .

. . .

. . .

For each of these reasons, It is respectfully requested that this Court enter an order granting Release on Appeal for Dr. Ganesh.

Dated:   October 19, 2018.   **LAW OFFICE OF LISA RASMUSSEN, P.C**

*/s/ Lisa A. Rasmussen*

_____

LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 007491
California Bar No. 207026
610 South Tenth Street
Las Vegas, Nevada 89101
Telephone: 702-471-1436
Facsimile: 702-489-6619

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I am an employee of the Law Office of Lisa Rasmussen and that on the 19th day of October, 2018, I served a copy of the foregoing:

**MOTION FOR RELEASE PENDING APPEAL**

to the following person(s), via CM/ECF, as required by local rule:

Jeffrey Nedrow, AUSA
Patrick Delahunty, AUSA

*/s/ Lisa A. Rasmussen*
_____
An employee of Law Office of Lisa Rasmussen